# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| MONDIS TECHNOLOGY LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 2:14-cv-00702-JRG |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## LG'S MOTION TO STAY PROCEEDINGS
## PENDING  REEXAMINATION OF THE PATENTS-IN-SUIT

Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG" or "Defendants") hereby move to stay this action in view of the prior and pending reexaminations of each of U.S. Patent Nos. 6,513,088 ("the '088 Patent"), 6,549,970 ("the '970 Patent"), 7,089,342 ("the '342 Patent"), 7,475,180 ("the '180 Patent"), and 6,638,588 ("the '588 Patent") (collectively, the "Patents-in-Suit"). LG's motion is supported by the facts and arguments set forth below.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND .................................................................................1

        A.      Nature And Stage Of The Proceedings .......................................................1

        B.      Status Of The Claims Of The Patents-in-Suit ............................................2

                1.      The '088 Patent ..................................................................................3

                2.      The '970 Patent ..................................................................................3

                3.      The '342 Patent ..................................................................................4

                4.      The '180 Patent ..................................................................................5

                5.      The '588 Patent ..................................................................................6

III.    LEGAL STANDARD FOR STAY .........................................................................7

IV.     ALL RELEVANT FACTORS WEIGH STRONGLY IN FAVOR OF STAYING
        THIS CASE .............................................................................................................8

        A.      Staying The Case Will Not Unduly Prejudice Mondis .........................................8

        B.      A Stay Will Simplify Issues And Promote Judicial Economy ...........................11

        C.      The Early Stage Of This Case Favors Granting A Stay .....................................13

        D.      Staying This Case Until The Reexaminations Conclude Is In The Public
                Interest .................................................................................................................13

V.      CONCLUSION .....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alza Corp. v. Wyeth & Wyeth Pharm., Inc.*,
    No. 9:06-cv-156, 2006 WL 3500015 (E.D. Tex. Nov. 21, 2006) .................................. 11, 13

*ASCII Corp. v. STD Entm't USA*,
    844 F. Supp. 1378 (N.D. Cal. 1994) ................................................................... 14

*C.R. Bard, Inc. v. U.S. Surgical Corp.*,
    388 F.3d 858 (Fed. Cir. 2004) .......................................................................... 12

*Constellation IP, LLC v. AllState Corp.*,
    No. 5:07-cv-132, 2008 WL 4787625 (E.D. Tex. May 12, 2008) .......................... 12

*Datatreasury Corp. v. Wells Fargo & Co.*,
    490 F. Supp. 2d 749 (E.D. Tex. 2006) ................................................................. 7

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988) .......................................................................... 7

*Gioello Enters. Ltd. v. Mattei, Inc.*,
    No. 99 375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) .................................. 7

*Gould v. Control Laser Corp.*
    705 F.2d 1340, 1342 (Fed. Cir. 1983) .............................................................. 12

*Landmark Tech., LLC v. iRobot Corp.*,
    No. 13-cv-411, 2014 WL 486836 (E.D.Tex. Jan. 24, 2014) ............................ 9, 10

*Lentek Int'l, Inc. v. Sharper Image Corp.*,
    169 F. Supp. 2d 1360 (M.D. Fla. 2001) ............................................................. 14

*Microlinc, LLC v. Intel Corp.*,
    No. 2:07-cv-488, 2010 WL 3766655 (E.D. Tex. Sept. 20, 2010) ......................... 10

*Middleton, Inc. v. Minn. Mining & Mfg. Co.*,
    2004 U.S. Dist. LEXIS 16812 (S.D. Iowa 2004) ................................................ 14

*Patlex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir. 1985) .......................................................................... 14

*Perricone v. Unimed Nutritional Servs., Inc.*,
    2002 U.S. Dist. LEXIS 17613 (D. Conn. 2002) ................................................. 14

# TABLE OF AUTHORITIES
## (continued)

Page

*Premier Int'l Assocs. v. Hewlett-Packard Co.*,
   554 F. Supp. 2d 717 (E.D. Tex. 2008) ...................................................................... 13

*Ralph Gonocci Revocable Living Trust v. Three M Tool & Mach., Inc.*,
   2003 U.S. Dist. LEXIS 24423 (E.D. Mich. 2003) ................................................. 14

*Softview Computer Prods. Corp. v. Haworth, Inc.*,
   No. 97 Civ. 8815, 2000 U.S. Dist. LEXIS 11274 (S.D.N.Y. Aug. 10, 2000) ........................ 14

*Soverain Software, LLC v. Amazon.com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005) ............................................................. 7, 8

*SPA Syspatronic, AG v. Verifone, Inc.*
   2008 WL 1886020 (E.D. Tex. 2008)........................................................... 9, 10, 13

*Standard Havens Prods., Inc., v. Gencor Indus., Inc.*,
   1993 U.S. App. LEXIS 11963 (Fed. Cir. 1993) (unpublished) ............................................. 13

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. Jul 10, 2014) ......................................................... 7, 10

*Werre v. Battenfeld Tech.,Inc.*,
   2004 U.S. Dist. LEXIS 23250 (D. Ore. 2004) ................................................... 14

*Zillow, Inc. v. Trulia, Inc.*,
   No. C12-1549, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013) ............................................ 9

## I.      INTRODUCTION

Over twenty years have passed since the date of the alleged inventions of the Patents-in-Suit. These patents are now expired, and nearly all of the claims have either been invalidated by the PTO or during prior litigation, currently stand rejected by the PTO, or are the subject of newly instituted reexaminations. Undeterred, Mondis filed the instant Complaint, asserting the same patents against the same types of televisions that Mondis could have accused in its first suit against LG nearly seven years ago, but did not. For the reasons set forth below, the early stage of the instant litigation, the status of the several pending reexaminations, and Mondis's unjustifiable and continued delay in filing and prosecuting the instant case, LG's motion for stay should be granted.

## II.     FACTUAL BACKGROUND

### A.      Nature And Stage Of The Proceedings

On June 21, 2014, Plaintiff Mondis Technology Ltd. ("Mondis") filed the instant Complaint alleging that LG televisions containing certain "Plug-and-Play" functionality infringe the Patents-in-Suit. (Dkt. No. 1 ("Cmplt."), ¶ 23-25.) On October 16, 2014, Mondis served its Complaint on LG Electronics U.SA., Inc., and on October 23, 2014, sent a request for waiver of service to LG Electronics, Inc. (*See* Dkt. Nos. 7, 11.) To date, no discovery has taken place, Mondis has not served its Infringement Contentions, and LG just recently filed its Answer on January 21, 2015. (Dkt. No. 20.) Nor have any specific claims been asserted.

On December 31, 2007 (prior to the instant case), Mondis filed a complaint in this Court against LG and various other entities, including Chimei-InnoLux Corp. and Innolux Corp. (collectively, "Innolux"), asserting three of the five patents asserted in the instant case. (*See* Case No. 2:07-CV-565, Dkt. No. 1.) Mondis filed amended complaints on May 14, 2008 and March 9,

2009, respectively, asserting the remaining two patents. (*See* Case No. 2:07-CV-565, Dkt. Nos. 44, 103.) LG and Mondis settled the case on September 17, 2009, prior to the close of pleadings and before any claim construction discovery, though Innolux would remain in the case through trial.[1] (*See* Case No. 2:07-cv-565, Dkt. 79.) Though some of LG's televisions at the time of the first suit included some of the same features accused in the instant case, Mondis did not accuse those televisions or seek royalties on them as a condition of dismissing its claims. Following a jury trial, Judge Ward entered a final judgment regarding the invalidity of certain claims of the Patents-in-Suit. (Case No. 2:07-cv-565, Dkt. 666 (Amended Final Judgment).)

Concurrent with the prior litigation, Innolux initiated *inter partes* reexaminations against each of the Patents-in-Suit (collectively, the "Innolux IPRs"). As explained in greater detail below, the Innolux IPRs are in advanced stages and some have resulted in the rejection and/or cancellation of certain claims of the Patents-in-Suit. Of the remaining claims, several were previously rejected during the Innolux IPRs only to be withdrawn based on a settlement between Innolux and Mondis. Additionally, certain claims of the Patents-in-Suit were invalidated in the prior litigation. (Case No. 2:07-cv-565, Dkt. 666.)

On November 3, 2014, LG filed requests for *ex parte* reexamination for all claims of the Patents-in-Suit that have: (1) not been invalidated in the prior litigation; (2) not been canceled during the Innolux IPRs; and/or (3) were not subject to the Innolux IPRs. Thus, the validity of each and every claim of the Patents-in-Suit is currently under challenge.

## B.     Status Of The Claims Of The Patents-in-Suit

As explained above, all of the claims of the Patents-in-Suit have either been cancelled or

---

[1]Mondis alleges that the prior settlement was limited to display monitors and did not include televisions. Accordingly, this action is directed to LG televisions.

are under reexamination. Below is a summary of the validity status of each of the Patents-in-Suit. A chart summarizing the status of each claim, in view of the several prior and pending reexaminations, and the prior litigation, is also submitted herewith as Exhibit 1.

### 1.     The '088 Patent

On November 5, 2014, the PTO issued an *inter partes* reexamination certificate cancelling claims 1, 2, 5, 10-24, and 26-33 of the '088 Patent. (*See* Ex. 2, Nov. 5, 2014 Reexamination Certificate at 2 (Reexam No. 95/000,459).) Claims 9 and 25 of the '088 Patent were also ruled invalid during the prior litigation. (Case No. 2:07-cv-565, Dkt. 666 at 2.) The jury also determined that claim 22 was invalid, but because the claim was not formally asserted at trial (it was inadvertently included on the jury form), the Court elected to strike the jury's finding. (*Id.* at n.1.)

The only claims surviving from the '088 Patent are dependent claims 3, 4, and 6-8. (*See* Ex. 1, Claim Status Chart.) On November 3, 2014, LG filed a request for *ex parte* reexamination on these remaining claims based on prior art that was not considered in the previous reexamination. (*See* Ex. 3, Nov. 3, 2014 Request for *Ex Parte* Reexamination at 2 (Reexam No. 90/013,391).) On January 5, 2015, the PTO issued a decision granting *ex parte* reexamination agreeing that each of the eight grounds presented "raise[d] a substantial new question of patentability" with respect to the only remaining claims of the '088 Patent. (*See* Ex. 4, Jan. 5, 2015 Decision Granting *Ex Parte* Reexamination at 8-14 (Reexam No. 90/013,391).)

Thus, the PTO has agreed that there are substantial new questions of patentability with respect to the remaining claims of the '088 Patent.

### 2.     The '970 Patent

On January 23, 2015, the PTO issued a notice of intent to issue an *inter partes*

*reexamination* certificate cancelling claims 19-21, 23, 25, 27, and 28. (*See* Ex. 5, Jan. 23, 2015 Notice of Intent to Issue Reexamination Certificate at 2 (Reexam No. 95/000,457).) While a reexamination certificate has not yet issued, these claims are canceled. Further, claim 18 of the '970 Patent was ruled invalid during the prior litigation. (Case No. 2:07-cv-565 (E.D. Tex.), Dkt. 666 at 2.)

Claims 1-17, 24, 26, and 29 were not subject to the reexamination and claim 22 was confirmed during reexamination. (*See* Ex. 5 at 3.) Thus, the remaining claims of the '970 Patent are 1-17, 22, 24, 26, and 29. On November 3, 2014, LG filed a request for *ex parte* reexamination that included prior art that was not considered in the previous reexamination. This request included ten grounds under which one or more of the remaining claims should be invalidated. (*See* Ex. 6, Nov. 3, 2014 Request for *Ex Parte* Reexamination (Reexam No. 90/013,388).) On December 24, 2014, the PTO granted the reexamination request, agreeing that nine of the ten grounds "raise[d] a substantial new question of patentability" with respect to the only remaining claims of the '970 Patent. (*See* Ex. 7, Dec. 24, 2014 Decision Granting *Ex Parte* Reexamination at 9-18 (Reexam No. 90/013,388).)

Thus, the PTO has agreed that there are substantial new questions of patentability with respect to the remaining claims of the '970 Patent.

### 3. The '342 Patent

On October 1, 2012, the PTO issued an action closing prosecution during *inter partes* reexamination of claims 1-18 of the '342 Patent after twice-rejecting these claims as invalid over prior art. (*See* Ex. 8, Oct. 1, 2012 Action Closing Prosecution at 2-3 (Reexam No. 95/000,458).) In view of a settlement, a petition was filed to withdraw this *inter partes* reexamination, but the PTO denied the petition on April 11, 2014 and issued an action closing prosecution regarding

claim 15, but allowing reexamination to proceed on claims 1-14 and 16-18 (currently rejected). (*See* Ex. 9, Apr. 11, 2014 Decision Denying Petition at 10-11 (Reexam No. 95/000,458).)

Given that claim 15 of the '342 Patent was the only claim that was not under a prior art rejection in the *inter partes* reexamination, an *ex parte* reexamination request was filed for claim 15 on May 13, 2014. This resulted in the PTO rejecting claim 15 on seven separate grounds on December 2, 2014. (*See* Ex. 10, Dec. 2, 2014 Office Action in *Ex Parte* Reexamination at 6-7 (Reexam No. 90/013,238).)

Thus, all claims 1-18 of the '342 Patent currently stand rejected by the PTO. (*See* Ex. 1, Claim Status Chart.)

### 4.    The '180 Patent

During *inter partes* reexamination of the '180 Patent, the PTO issued an examiner's answer affirming rejection of claims 1-13, 21, 22, 25-27, 28 (1-13, 21, 22, 25-27), and 29 (1, 21, 25, 26).[2] (*See* Ex. 11, Nov. 10, 2014 Examiner's Answer at 2 (Reexam No. 95/000,480).) The rejection of these claims is currently under appeal at the PTO while the reexamination proceeding continues. Claims 14-16, 23, 24, 28 (14-16, 23, 24), and 29 (14, 23) were previously rejected, but were withdrawn following the settlement between Mondis and Innolux. (*Id.*)

Further, two *ex parte* reexamination requests were filed on May 13, 2014 and November 3, 2014, respectively, requesting reexamination of additional claims of the '180 Patent. With respect to the May 13, 2014 request, the PTO issued a decision granting reexamination of claims 14-16, 23-24, 28 (14-16, 23-24), and 29 (14, 23). (*See* Ex. 12, Sept. 10, 2014 Decision Granting *Ex Parte* Reexamination at 6 (Reexam No. 90/013,237).) With respect to the November 3, 2014

---

[2] Claims 28 and 29 of the '180 Patent are multiple dependent claims, the corresponding base claims for each of which are indicated in parentheses. The full list of base claims for each of claims 28 and 29 is included in Exhibit 1.

request, the PTO issued a decision granting reexamination for claims 14-20, 23, 24, 28 (14-20, 23, 24), and 29 (14, 17, 23). (*See* Ex. 13, Dec. 10, 2014 Decision Granting *Ex Parte* Reexamination at 20 (Reexam No. 90/013,390).) In view of the record in the prior reexamination, particularly regarding claims 14-16, 23-24, 28 (14-16, 23-24), and 29 (14, 23), these claims are likely to be rejected in the instant reexaminations.

Thus, each of claims 1-29 (including all permutations of claims 28 and 29) of the '180 Patent are either rejected by the PTO and/or are subject to substantial new questions of patentability in pending reexaminations. (*See* Ex. 1, Claim Status Chart.)

### 5. The '588 Patent

Claims 2-5 of the '588 Patent were disclaimed during *inter partes* reexamination, and the examiner's rejections of claim 1 were affirmed by the PTO on July 2, 2012. (*See* Ex. 14, July 2, 2012 Decision on Appeal at 13 (Reexam No. 95/000,455).) Before issuance of the reexamination certificate, however, Mondis and Innolux settled and the *inter partes* reexamination was withdrawn on April 11, 2014, preserving the single remaining claim of the '588 Patent, despite Mondis's inability to convince the examiner or the PTO of its patentability.

On November 3, 2014, however, the same grounds of rejection that were affirmed by the PTO Board and additional grounds of rejection with new prior art were included in an *ex parte* reexamination request that was granted on December 30, 2014. (*See* Ex. 15, Dec. 30, 2014 Decision Granting *Ex Parte* Reexamination at 2 (Reexam No. 90/013,392).) Thus, the PTO agrees that there are substantial new questions of patentability with respect to the only surviving claim of the '588 Patent. Further, given the prior activity in the *inter partes* reexamination, the PTO is likely to cancel claim 1 of the '588 Patent during this *ex parte* reexamination.

In summary, each and every claim of the Patents-in-Suit has either been canceled by the PTO, rejected by the PTO, invalidated in the prior litigation, and/or is subject to substantial new questions of patentability in a newly instituted reexamination. (*See* Ex. 1, Claim Status Chart.)

## III.   LEGAL STANDARD FOR STAY

It is well established that the PTO's reexamination of patents involved in litigation may be grounds for a stay. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). District courts have found stays to be beneficial for several reasons, including conservation of the parties' and Court's time and resources; narrowing and simplifying of issues, defenses, and evidence; and likely dismissal of the suit altogether if a patent is found invalid. *See*, *e.g.*, *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006). The Federal Circuit recently held that a stay is appropriate when the reexaminations lead to simplification of issues, the case is at an early stage of litigation, and the stay does not unduly burden the non-moving party. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014). And because the PTO lacks the reciprocal authority to stay the reexaminations pending the outcome of this litigation, only this Court can prevent the reexaminations and this litigation from proceeding in parallel. *Id.*; *see also Gioello Enters. Ltd. v. Mattei, Inc.*, Case No. 99 375 GMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001) ("[I]ssuance of a stay is the only way to avoid the potential for conflict").

In ruling on a motion to stay, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *See Soverain Software, LLC v. Amazon.com, Inc.*, 356 F. Supp.

2d 660, 662 (E.D. Tex. 2005) (citing *Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y.1999)). All three factors favor staying this case.

## IV.  ALL RELEVANT FACTORS WEIGH STRONGLY IN FAVOR OF STAYING THIS CASE

Despite knowing that all surviving claims in the Patents-in-Suit are currently rejected and/or the subject of newly instituted reexaminations, and having had the opportunity to raise these infringement allegations almost seven years ago in prior litigation, Mondis has suddenly elected to recommence litigation. This is not a case of a defendant seeking a stay based on the mere filing of reexamination requests. Rather, the stage of the litigation, the precarious status of the claims of the Patents-in-Suit, and the parties' history all merit staying this case.

*First,* Mondis would not be unduly prejudiced by a stay given its dilatory approach in pursuing these infringement claims, its lack of any real business interests that would be adversely impacted, and the fact that its only available remedy is past damages. *Second*, a stay will streamline issues for the case because all of the surviving claims are currently under reexamination, and many currently stand rejected. *Third*, this case is in its preliminary stages—no discovery has taken place, and Mondis has not served its Infringement Contentions—thus staying the case pending resolution of the reexaminations would allow the Court and the parties to avoid wasting time and resources on infringement claims that will likely be moot in the near future. *Fourth*, staying this case is in the public interest given the advanced stage of the Innolux IPRs and the intent of the reexamination statute.

### A.  Staying the Case Will Not Unduly Prejudice Mondis

Given the record to date and the history between the parties, Mondis has no colorable argument that it would be unduly prejudiced by a stay. As a preliminary matter, "[i]t is well-established that the delay inherent in the reexamination process by itself does not constitute

8

undue prejudice." *Zillow, Inc. v. Trulia, Inc.,* No. C12-1549, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013); *see also Landmark Tech., LLC v. iRobot Corp.,* No. 13-cv-411, 2014 WL 486836, at *3-5 (E.D. Tex. Jan. 24, 2014) (holding that although a delay in proceeding with the plaintiff's case may be somewhat prejudicial, it is not unduly prejudicial); *SPA Syspatronic, AG v. Verifone, Inc.,* 2008 WL 1886020, at *2 (E.D. Tex. 2008). Additionally, Mondis (1) waited almost seven years to file this case, and since then has dragged its feet in prosecuting it; (2) does not compete with LG or manufacture or sell any products, and thus has no business interests that would be adversely impacted by a stay; and (3) is limited to past damages because the Patents-in-Suit are expired. In contrast, LG would be significantly prejudiced if the stay is not granted, by being forced to litigate infringement claims that ultimately may be mooted by the PTO.

Mondis's delay in filing and serving its Complaint in the instant case as well as its refusal to litigate its infringement claims with any degree of urgency demonstrate that a stay for the pendency of the reexaminations would have little if any adverse impact on Mondis. Over six years before initiating the current litigation, Mondis filed a complaint against LG and other parties alleging, among other things, that LG's sale of certain computer monitors infringed the Patents-in-Suit. (Case No. 2:07-CV-565, Dkt. 1.) Mondis could have, but elected not to, accuse LG televisions incorporating some of the same features accused in this case. Instead, Mondis waited nearly seven years to file these infringement claims.

Not surprisingly, Mondis's pattern of delay has only continued since initiating this suit. Mondis waited nearly fourth months after filing its Complaint to serve LG Electronics U.S.A., Inc., and did not send a request for waiver of service to LG Electronics, Inc. until one week later. Similarly, Mondis just recently moved the Court to extend its deadline for serving Infringement

Contentions to February 6, 2015.[3] At no point during the instant or prior litigation, or during the five-year gap in between, has Mondis acted expeditiously in pursuing these infringement claims. *See SPA Syspatronic,* 2008 WL 1886020, at *2 ("Spa's argument regarding VeriFone's delay is somewhat disingenuous. While Spa contends that it has been negotiating with VeriFone, it nonetheless brought its lawsuit late…which ultimately resulted in a trial date after the expiration of the patent's twenty year term."). Any alleged prejudice to Mondis is belied by its mere conduct over the past seven years.

Likewise, because Mondis does not make or sell anything, it will not suffer any prejudice by loss of market share or price erosion: "since [the plaintiff] does not manufacture or sell any products, or otherwise practice the patent, there is no risk of customer losses or of injury to market share during the stay." *Microlinc, LLC v. Intel Corp.*, No. 2:07-cv-488, 2010 WL 3766655, at *2 (E.D. Tex. Sept. 20, 2010). The Federal Circuit has explained that lack of competition and delay in pursuing suit after the patent issues "belie [the defendants] claims that it will be unduly prejudiced by a stay." *VirtualAgility, Inc.*, 759 F.3d at 1320.

Similarly, because the Patents-in-Suit are expired, Mondis's only available remedy is past damages; it cannot seek an injunction.[4] Thus even if LG is later found to infringe, Mondis will have suffered no significant prejudice from the stay because it will be entitled to money damages and interest. *See Landmark Tech.,* 2014 WL 486836, at *4 ("Should iRobot eventually be found to have infringed, Landmark can be adequately compensated by money damages for any harm suffered during the PTO proceedings.").

---

[3] The Court partially granted the motion on January 6, 2015, extending the deadline to January 30, 2015. Dkts. 14, 15.

[4] The '088, '970, '342, and '180 Patents all expired on February 3, 2014, and the '588 Patent expired on February 2, 2013.

While a stay will not prejudice Mondis, failure to stay the case *will* prejudice LG, who will be forced to expend substantial sums litigating claims that have either already been rejected by the PTO or on which substantial new questions of patentability have been raised before the PTO. Accordingly, this factor strongly favors a stay.

**B.     A Stay Will Simplify Issues and Promote Judicial Economy**

Allowing this case to proceed concurrent with the reexaminations would create a substantial risk that the Court and the parties will waste time litigating issues that will be altered or eliminated. *See Alza Corp. v. Wyeth & Wyeth Pharm., Inc.*, No. 9:06-cv-156, 2006 WL 3500015, at *2 (E.D. Tex. Nov. 21, 2006) ("[C]ourts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers.") (quotation marks omitted).

As noted above, all of the claims that Mondis may attempt to assert are either rejected or otherwise subject to newly instituted reexaminations, some on multiple grounds. (*See* Ex. 1, Claim Status Chart.) Specifically regarding the '588 patent, reexamination was instituted on the only valid remaining claim (claim 1) on the same basis that the PTO previously rejected the claim in one of the Innolux IPRs. This claim is thus likely to be rejected again, and the patent subsequently invalidated. Similarly, for the '180 patent, many of the claims on which reexamination was recently instituted—claims 14-16, 23-24, 28 (14-16, 23-24), and 29 (14, 23) —were previously rejected in a prior reexamination proceeding, but withdrawn following Innolux's settlement with Mondis. These claims will also likely be rejected again.

The resolution of the reexaminations is thus likely to streamline issues for trial, if not dispose of the case entirely. Even if the PTO cancels no additional claims (which is highly

unlikely given the number of claims under review), this Court would still have the benefit of the PTO's analysis for resolving various issues over the course of the litigation. *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert review of the PTO (when a claim survives the reexamination proceeding))."

For example, the reexaminations will necessarily streamline invalidity issues and provide the Court with the PTO's specialized understanding of the prior art likely to be at issue in the litigation. Indeed, this Court has acknowledged the "benefit of the PTO's expert analysis of the prior art." *See Constellation IP, LLC v. AllState Corp.*, No. 5:07-cv-132, 2008 WL 4787625, at *3 (E.D. Tex. May 12, 2008) ("[T]he technical expertise provided by the reexamination proceedings will be helpful to the Court on any issues that remain.").

Additionally, any statements made by Mondis to distinguish its patents from the prior art are admissions which go directly to the issue of claim construction. *See, e.g., C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 867-69 (Fed. Cir. 2004) (citing statements made by the patentee during reexamination as supporting the district court's narrow claim construction and judgment of non-infringement, which it affirmed); *see also Constellation IP,* 2008 WL 4787625, at *3 ("Significantly, claim construction may be simplified because statements made during reexamination become part of the prosecution history, which allows a full development of the intrinsic evidence to be considered by the Court.").

Finally, the outcome of the reexaminations will have a substantial impact on damages issues in this case. For example, no damages award can be finalized on a patent claim that stands rejected in a contemporaneous reexamination proceeding because the claim is "void *ab initio*":

"[I]f a final decision of unpatentability means the patent was void *ab initio*, then damages would also be precluded." *Standard Havens Prods., Inc., v. Gencor Indus., Inc.*, 1993 U.S. App. LEXIS 11963, *1-2 (Fed. Cir. 1993) (unpublished) (reversing denial of stay of injunction and damages pending appeal of reexamination decision).

### C.     The Early Stage Of This Case Favors Granting A Stay

The early stage of this case also favors stay. *See Premier Int'l Assocs. v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 725 (E.D. Tex. 2008) (finding this factor favored a stay when sought recently after the scheduling conference). Here, no discovery has been taken; no depositions have been noticed; and no Infringement Contentions have been served. *See Alza Corp.*, 2006 WL 3500015, at *2 (finding this factor favored a stay when sought before any discovery had been taken). To proceed while the reexaminations are pending would cause significant and potentially unnecessary resources to be expended. *See SPA Syspatronic,* 2008 WL 1886020, at *3 ("Neither the Court nor the parties have invested such resources as to make a stay pending completion of reexamination inefficient and inappropriate, and therefore this factor weighs in favor of granting the stay."). Additionally, there are significant efficiencies to be gained in allowing the reexaminations to conclude before proceeding with discovery, claim construction, expert reports, summary judgment, trial, and appeal, all of which may turn out to be wasted effort if any of the remaining claims (many of which are rejected) are cancelled. Accordingly, this factor also weighs heavily in favor of a stay.

### D.     Staying This Case Until The Reexaminations Conclude Is In The Public Interest

The Federal Circuit has explained that Congress had three principal goals in passing the reexamination statute: (1) resolving "validity disputes more quickly and less expensively;" (2) allowing "courts to refer patent validity questions to the expertise of the Patent Office"; and (3)

reinforcing "'investor confidence in the certainty of patent rights' by affording the PTO a broader opportunity to review 'doubtful patents.'" *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985) (quoting statement of Rep. Kastenmeier, 126 Cong. Rec. 29,895 (1980)). "[T]he sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office." *Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001) (stay granted).

In view of these objectives, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings." *ASCII Corp. v. STD Entm't USA*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (stay granted); *see also Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 U.S. Dist. LEXIS 11274, at *7 (stay granted) ("Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings."). *See also Perricone v. Unimed Nutritional Servs., Inc.*, 2002 U.S. Dist. LEXIS 17613, at *2 (D. Conn. 2002) (stay granted); *Ralph Gonocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, 2003 U.S. Dist. LEXIS 24423, at *6-7 (E.D. Mich. 2003) (stay granted); *Middleton, Inc. v. Minn. Mining & Mfg. Co.*, 2004 U.S. Dist. LEXIS 16812, at *11 (S.D. Iowa 2004) (stay granted); *Werre v. Battenfeld Tech.,Inc.*, 2004 U.S. Dist. LEXIS 23250, at *2 (D. Ore. 2004) (stay granted).

The public interest in staying the instant case is particularly strong given the advanced stage of the reexamination proceedings, and the sheer volume of claims that stand rejected and are likely to be cancelled. Notwithstanding the precarious status of its patents, and its inexcusable delay in pursuing these infringement claims, Mondis filed the instant suit fully aware

of the substantial likelihood that the PTO would invalidate several of its claims over the course of the litigation. Allowing this case to proceed parallel with the reexaminations would run afoul of Congressional intent, and encourage similarly situated patent holders to assert frivolous claims despite knowing full well that their claims are invalid.

## V.   CONCLUSION

Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings,[5] for good reason. The technical expertise provided by the PTO in reexamination proceedings are helpful for courts in streamlining litigation.[6] This case is no exception. As established above, the requested stay will not unduly prejudice or present a clear disadvantage to Mondis, while it is likely to simplify (and potentially eliminate) the remaining issues in dispute and the trial of the case. Moreover, the timing is right, because the case is still in its infancy. For all of the reasons stated above, LG requests that this action be stayed pending the conclusion of the reexaminations of the Patents-in-Suit.


Dated: January 28, 2015                    /s/ Jamie B. Beaber
                                           Jamie B. Beaber (D.C. Bar No. 484186)
                                           Michael Maas (D.C. Bar No. 493685)
                                           MAYER BROWN LLP
                                           1999 K Street, NW
                                           Washington, DC 20006
                                           Telephone: (202) 263-3000
                                           Facsimile: (202) 263-3300
                                           jbeaber@mayerbrown.com
                                           mmaas@mayerbrown.com

                                           Michael E. Jones
                                           State Bar No. 10929400
                                           Allen F. Gardner
                                           State Bar No. 24043679

---

[5] *Softview*, 2000 U.S. Dist. LEXIS 11274, at *7.

[6] *Constellation IP, LLC*, 2008 WL 4787625, at *3 (E.D. Tex. 2008).

POTTER MINTON P.C.
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com

**COUNSEL FOR DEFENDANTS LG
ELECTRONICS INC. AND LG
ELECTRONICS U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of January, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Jamie B. Beaber*
Jamie B. Beaber

## CERTIFICATE OF CONFERENCE

On January 21, 2015, pursuant to Local Rule CV-7(h), counsel for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc., Michael Maas, and counsel for Plaintiff Mondis Technology Ltd., Jeffrey Plies and James Patrick Kelly, met and conferred by telephone. Counsel for Plaintiff indicated that Plaintiff would oppose Defendants' motion to stay.

/s/ *Jamie B. Beaber*
Jamie B. Beaber

17