<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONDIS TECHNOLOGY LTD., | |
| | **Civil Action No. 15-cv-4431 (SRC)(CLW)** |
| Plaintiff, | |
| v. | **OPINION** |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., | |
| Defendant. | |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court upon the motion filed by Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. ("LGE") to stay this case pending the outcome of ongoing United States Patent and Trademark Office ("PTO") reexamination proceedings. Plaintiff Mondis Technology Ltd. ("Mondis") opposes this motion. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will grant LGE's motion to stay this case pending the outcome of the PTO reexamination proceedings.

**I.    BACKGROUND**

    **a.  DISTRICT OF NEW JERSEY LITIGATION**

Mondis filed the Complaint in this case against LGE in the United States District Court for the Eastern District of Texas on June 21, 2014, alleging that LGE's "Plug and Play" and "Smart TV" products infringe certain claims in patents asserted by Mondis [Docket Entry 1]. Mondis asserts claims from five patents against LGE's products: claims 3 and 4 from U.S. Patent

1

Number 6,513,088 ("the '088 patent," filed Dec. 8, 2000), claim 22 from U.S. Patent Number 6,549,970 ("the '970 patent," filed Dec. 8, 2000), claim 15 from U.S. Patent Number 7,089,342 ("the '342 patent," filed Feb. 6, 2004), claims 14-16 from U.S. Patent Number 7,475,180 ("the '180 patent," filed June 4, 2002), and claim 1 from U.S. Patent Number 6,639,588 ("the '588 patent," filed June 12, 2002).

On January 28, 2015, LGE filed both a motion to transfer the case to this Court and a motion to stay the case pending resolution of ongoing reexamination proceedings at the PTO on [Docket Entry 24]. LGE subsequently withdrew the motion to stay [Docket Entries 25, 41]. On June 3, 2015, the Eastern District of Texas granted LGE's motion to transfer the case to this Court [Docket Entry 56]; Mondis requested reconsideration of the transfer order on June 8, 2015 [Docket Entry 58], but the Eastern District of Texas denied this motion on June 26, 2015 [Docket Entry 66], the same day this action was transferred to this Court [Docket Entry 67].

Mondis served its initial infringement contentions on January 30, 2015 [Docket Entry 26], and LGE served invalidity contentions on March 27, 2015 [Docket Entry 50]. Mondis served its opening claim construction brief on May 27, 2015 [Docket Entry 54]. LGE served its responsive claim construction brief on June 11, 2015 [Docket Entry 61]. Mondis served its reply claim construction brief on June 17, 2015 [Docket Entry 63]. No further documents regarding claim construction have been exchanged by the parties to this date, and no date for a *Markman* hearing has been set. On August 5, 2015, Mondis gave LGE a new list of 67 allegedly infringing products (Defs.' Br. at 5), and Mondis served supplemental infringement contentions on August 21, 2015 (Defs'. Br. at 4). Discovery on these contentions is still ongoing. The deadline for paper discovery was extended to November 9, 2015 [Docket Entry 99]. No depositions have been

2

taken, and no expert reports have been filed. Finally, this Court has not set a trial date in this case.

### b. RELATED LITIGATION BETWEEN MONDIS, LGE, AND INNOLUX IN THE EASTERN DISTRICT OF TEXAS

On December 31, 2007, Mondis filed a complaint in the Eastern District of Texas against LGE and other entities, including Chimei-Innolux Corporation and Innolux Corporation ("Innolux"), alleging that monitors produced by these companies infringed the '088, '970, and '588 patents. (Case No. 2:07-cv-565 (E.D. Tex.); Compl. ¶ 15.) Mondis's amended complaints, filed on May 14, 2008 and March 9, 2009 (Compl. ¶¶ 16-17), asserted infringement of the '342 and the '180 patents, respectively. LGE settled with Mondis with respect to Mondis's infringement claims against LGE's monitors on September 17, 2009, prior to trial. (Compl. ¶ 18). Mondis continued the case against Innolux and other defendants. (Compl ¶ 21.) The jury returned a verdict that televisions sold, manufactured, and/or imported by Innolux and other defendants infringed at least claim 15 of the '342 patent, claim 14 of the '180 patent, and claim 1 of the '588 patent, amongst others. *Id.*  The jury also found these claims to be valid over prior art and fact and expert testimony. *Id.*

### c. REEXAMINATIONS AT THE PTO

Concurrent with litigation in the Eastern District of Texas, Innolux requested *inter partes* reexaminations for each of the asserted patents with the PTO. In addition, LGE has filed multiple ex parte and *inter partes* reexamination requests on each asserted patent in the instant case. The status of the PTO proceedings for each asserted patent is detailed below.

3

### 1. '088 Patent

Mondis asserts claims 3 and 4 of the '088 patent in this case. The PTO confirmed claims 3, 4, and 6-8 in the Innolux reexamination proceeding, but cancelled claims 1, 2, 5, 10-24, and 26-33 on November 5, 2014 (Reexam No. 95/000,459).

The PTO granted LGE's November 3, 2014 ex parte reexamination request on January 5, 2015 (Reexam No. 90/013,391). On April 15, 2015 the PTO issued a non-final office action rejecting claims 3, 4, and 6-8 of the '088 patent (Reexam No. 90/013,391).

LGE filed ex parte and *inter partes* reexamination requests on March 27, 2015, based on additional prior art not considered in the Innolux reexamination proceedings (Reexam No. 90/013,479). The PTO granted LGE's request to institute a ex parte reexamination on May 26, 2015, on the grounds that the additional prior art raises a substantial question of patentability (Reexam No. 90/013,479). The PTO merged the two pending ex parte reexamination proceedings (August 14, 2015 Decision Merging Proceedings at 3, Reexam No. 90/013,479). On September 25, 2015, the PTO issued a non-final office action rejecting claims 3, 4, and 6-8 of the '088 patent (Reexam Nos. 90/013,479 and 90/013,391).

The PTO denied LGE's request for *inter partes* reexamination on September 17, 2015, finding that the petition was time barred under 35 U.S.C. § 315(b) since it was not filed within one year of service of "a complaint alleging infringement of the patent." *LG Elecs., Inc. v. Mondis Tech. Ltd.*, IPR2015-00937 (P.T.A.B. Sept. 17, 2015).

### 2. '970 Patent

Mondis asserts claim 22 of the '970 patent in this case. The PTO confirmed claim 22 during the Innolux reexamination proceedings, on June 24, 2015 (Reexam No. 95/000,457).

The PTO granted LGE's November 3, 2014 ex parte reexamination request on December 24, 2014 (Reexam No. 90/013,388). LGE filed ex parte and *inter partes* reexamination requests on March 27, 2015, based on additional prior art not considered in the Innolux reexamination proceedings (Reexam No. 90/013,479). The PTO granted LGE's request to institute an ex parte reexamination on May 27, 2015, on the grounds that the additional prior art raises a substantial question of patentability (Reexam No. 90/013,478), and merged the two pending ex parte reexamination proceedings (August 14, 2015 Decision Merging Proceedings at 3, Reexam No. 90/013,388). On September 21, 2015, the PTO issued a non-final office action rejecting claims 1-17, 22, 24, 26, and 29 of the '970 patent (Reexam Nos. 90/013,478 and 90/013,388).

The PTO denied LGE's request for *inter partes* reexamination on September 17, 2015, finding that the petition was time barred under 35 U.S.C. § 315(b) since it was not filed within one year of service of "a complaint alleging infringement of the patent." *LG Elecs., Inc. v. Mondis Tech. Ltd.*, IPR2015-00938 (P.T.A.B. Sept. 17, 2015).

### 3.  '342 Patent

Mondis asserts claim 15 of the '342 patent in this case. In the Innolux reexamination proceedings, the PTO rejected claims 1-18 of the '342 patent in a non-final office action, and closed prosecution of the claims on October 1, 2012 (Reexam No. 95/000,458). In the Mondis-Innolux litigation, the jury found claim 15 of the '342 patent to be valid on June 27, 2011, and the court upheld the jury verdict over a motion for judgment as a matter of law as to the invalidity of the asserted claim. *Mondis Tech, Ltd. v. LG Elecs, Inc.*, No. 07-565, 2011 WL 3847603 (E.D. Tex. Aug. 29, 2011). In light of this verdict, the PTO stated that any rejection in the Innolux reexamination pertaining to claim 15 of the '342 patent would not be further maintained by the PTO, and that no further rejection of claim 15 would be made in the

reexamination proceeding then ongoing, pursuant to 35 U.S.C. § 317(b). (Apr. 11, 2014 Decision at 10, Reexam No. 95/000,458).[1]

LGE filed an ex parte reexamination request against claim 15 of the '342 patent on May 13, 2014 (Reexam No. 90/013,238); the PTO instituted this request on July 1, 2014. In this proceeding, the PTO rejected claim 15 in a non-final office action on December 2, 2014 (Reexam No. 90/013,238). LGE filed a second ex parte reexamination request on November 13, 2014, and the PTO denied this request on January 9, 2015 on the grounds that the second reexamination request did not raise a substantial new question of patentability over the first request pending at the PTO (Reexam No. 90/013,389).

LGE filed additional ex parte and *inter partes* reexamination requests on March 27, 2015, based on additional prior art not considered in the Innolux reexamination proceedings (Reexam No. 90/013,477). The PTO instituted the ex parte reexamination request on May 4, 2015 (Reexam No. 90/013,477), merged the two ex parte reexamination proceedings on August 10, 2015, and on August 12, 2015, issued a non-final office action rejecting claims 14 and 15 of the '342 patent (Reexam Nos. 90/013,477 and 90/013,238).

The PTO denied LGE's request for *inter partes* reexamination on September 17, 2015, finding that the petition was time barred under 35 U.S.C. § 315(b) since it was not filed within one year of service of "a complaint alleging infringement of the patent." *LG Elecs., Inc. v. Mondis Tech. Ltd.*, IPR2015-00940 (P.T.A.B. Sept. 17, 2015).

---

[1] In their brief, LGE alleges that this action occurred because of a settlement between Mondis and Innolux in which Mondis was permitted to withdraw claim 15 before it was cancelled. Defs.' Br. at 10.

6

### 4. '180 Patent

Mondis asserts claims 14-16 of the '180 patent in this case. In the Innolux reexamination proceedings, the PTO rejected claims 1-16 and 21-29 of the '180 patent in a non-final office action, and closed prosecution of the claims on October 14, 2011 (Reexam No. 95/000,480). In the Mondis-Innolux litigation, the jury found claims 14 and 23 of the '180 patent[2] to be valid on June 27, 2011, and the court upheld the jury verdict over a motion for judgment as a matter of law as to the invalidity of the asserted claims. *Mondis Tech, Ltd. v. LG Elecs, Inc.*, No. 07-565, 2011 WL 3847603 (E.D. Tex. Aug. 29, 2011). In light of this verdict, the PTO stated that any rejection in the Innolux reexamination pertaining to claims 14-16 of the '180 patent would not be further maintained by the PTO, and that no further rejection of claims 14-16 would be made in the reexamination proceeding then ongoing, pursuant to 35 U.S.C. § 317(b). (Apr. 11, 2014 Decision at 11, Reexam No. 95/000,480).[3]

LGE filed two ex parte reexamination requests on claims 14-16 of the '180 patent, on May 13, 2014 (Reexam No. 90/013,237) and on November 3, 2014 (Reexam No. 90/013,390). The PTO *sua sponte* merged the instituted requests on February 11, 2015. On June 30, 2015, the PTO confirmed claims 14-16 as patentable (Reexam Nos. 90/013,237 and 90/013,390).[4]

LGE filed a third ex parte reexamination request on March 27, 2015, based on additional prior art references not presented in the Innolux reexamination proceeding (Reexam No.

---

[2] Claims 15 and 16 are dependent claims of Claim 14.
[3] In their brief, LGE alleges that this action occurred because of a settlement between Mondis and Innolux in which Mondis was permitted to withdraw claim 15 before it was cancelled. Defs.' Br. at 10.
[4] LGE asserts in its briefing that Mondis proposed inconsistent claim construction for the term "display unit information other than said characteristic information" in the reexamination and district court proceedings, and that the PTO's reasoning for confirming the disputed claims supports LGE's current claim construction position on this term. Pl.'s Br. at 12.

7

90/013,481), and the PTO instituted the reexamination on April 27, 2015. On July 29, 2015, the PTO rejected claims 14-16 in a non-final office action (Reexam No. 90/013,481).

Finally, LGE filed an *inter partes* reexamination request on March 27, 2015, and the PTO denied LGE's request for *inter partes* reexamination on September 17, 2015, finding that the petition was time barred under 35 U.S.C. § 315(b) since it was not filed within one year of service of "a complaint alleging infringement of the patent." *LG Elecs., Inc. v. Mondis Tech. Ltd.*, IPR2015-00942 (P.T.A.B. Sept. 17, 2015).

### 5. '588 Patent

Mondis asserts claim 1 of the '588 patent in this case. In the Innolux reexamination proceedings, the PTO affirmed the examiner's rejection of claims 1-5 of the '588 patent on July 2, 2012 (Decision on Appeal at 1, Reexam No. 95/000,455). In the Mondis-Innolux litigation, the jury found claim 1 of the '588 patent to be valid on June 27, 2011, and the court upheld the jury verdict over a motion for judgment as a matter of law as to the invalidity of the asserted claim. *Mondis Tech, Ltd. v. LG Elecs, Inc.*, No. 07-565, 2011 WL 3847603 (E.D. Tex. Aug. 29, 2011).[5]

The PTO granted LGE's November 3, 2014 ex parte reexamination request on claim 1 of the '588 patent on December 30, 2014 (Reexam No. 90/013,392). On March 31, 2015, the PTO issued a non-final office action rejecting claim 1 of the '588 patent (Reexam No. 90/013,392). On September 10, 2015, the PTO issued a final office action rejecting claims 1-5 in this reexamination. *Id.*

---

[5] In their brief, LGE alleges that this action occurred because of a settlement between Mondis and Innolux in which Mondis was permitted to withdraw claim 15 before it was cancelled. Defs.' Br. at 10.

LGE filed ex parte and *inter partes* reexamination requests on March 27, 2015 on claim 1 of the '588 patent, based on additional prior art not considered in the Innolux reexamination proceedings (Reexam No. 90/013,480). The PTO granted LGE's request to institute an ex parte reexamination on May 4, 2015, on the grounds that the additional prior art raises a substantial question of patentability (Reexam No. 90/013,480). On June 23, 2015, the PTO rejected claim 1 of the '588 patent in a non-final office action, and on October 21, 2015, the PTO issued a final rejection against claim 1 of the '588 patent on different grounds than presented in the final rejection on claims 1-5 of the '588 patent in the 90/013,392 reexamination.

The PTO denied LGE's request for *inter partes* reexamination on September 17, 2015, finding that the petition was time barred under 35 U.S.C. § 315(b) since it was not filed within one year of service of "a complaint alleging infringement of the patent." *LG Elecs., Inc. v. Mondis Tech. Ltd.*, IPR2015-00939 (P.T.A.B. Sept. 17, 2015).

## II.   LEGAL STANDARD TO STAY A PROCEEDING

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Therefore, district courts have broad powers to stay proceedings. *Bechtel v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id.*; *see also Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). The party seeking a stay of civil litigation bears the burden to show that the stay would be appropriate. *Landis*, 299 U.S. at 255.

In the context of patent cases, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *Procter & Gamble v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." (internal citations omitted)); *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316 (Fed. Cir. 2001). There is no conflict between a challenge to a patent in federal court and a reexamination at the PTO, despite the fact that the two forums may come to different legal conclusions on the same patent given the different legal standards applied. *Ethicon*, 849 F.2d at 1428-29, n.3.

Courts in this District have noted a generally liberal policy toward granting stays pending patent reexamination by the PTO. *See, e.g.*, *Sabert Corp. v. Waddington N. Am., Inc.*, No. 06-5423, 2007 WL 2705157, at *5-6 (D.N.J. Sept. 14, 2007); *Cima Labs., Inc. v. Actavis Grp. HF*, No. 07-893, 2007 WL 1672229, at *9 (D.N.J. June 7, 2007). In fact, most reported District of New Jersey opinions considering this issue have granted a stay when a reexamination request was pending. *See Brass Smith, LLC v. RPI Indus., Inc.*, No. 09-6344, 2011 WL 4444717, at *6 (D.N.J. Nov. 1, 2010) (listing relevant cases). When courts have denied a stay pending reexamination proceedings at the PTO, it has most often been because the case was in a "late stage of litigation, [] discovery was or would be almost completed, or the matter had been marked for trial." *GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 64 (1992).

District courts apply this liberal policy for staying pending reexaminations due to the potential for waste of a court's time and resources when a PTO decision could "drastically alter" the nature of a case. *WABCO Holdings v. Bendix Commercial Vehicle Sys.*, No. 09-3179, 2010

WL 2628335, at *2 n.2 (D.N.J. June 28, 2010). But stays pending PTO reexamination of one or more asserted patents in a case are not automatic, as a "stay in litigation inevitably causes further delay in an already lengthy process, and could potentially harm [the opposing party]." *Brass Smith,* 2011 WL 4444717, at *2 (quoting *Eberle v. Harris*, No. 03-5809, 2005 WL 6192865, at *2 (D.N.J. Dec. 8, 2005)). A stay pending reexamination by the PTO can simplify the pending litigation in several ways, and has several potential advantages:

> (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent by found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court.

*Eberle*, 2005 WL 6192865, at *2 (citing *GPAC,* 144 F.R.D. at 63). Furthermore, the PTO cannot stay the reexamination once a request has been granted, and thus the district court is the only forum in which a party can seek a stay in a case with parallel proceedings. *Ethicon*, 849 F.2d at 1422.

### III. ANALYSIS

As noted above, the decision to impose or deny a stay is well within this Court's discretion. Courts consider the following three factors in determining whether to stay a case pending reexamination of a patent: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and the trial of the case; and (3) whether discovery is complete and a trial date has been set." *Stryker Trauma S.A. v. Synthes (USA),* No. 01–3879, 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. Feb. 18, 1999)). In

11

analyzing these factors, courts "weigh[ ] the benefits of the stay against the costs." *Id.* The Court will examine each factor in turn.

### a. Prejudice to the Non-Moving Party

The first factor for consideration in analyzing LGE's request for a stay is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* The court weighs whether disadvantages from delay are outweighed by advantages from allowing the PTO to complete the reexamination process before further consideration of the district court case. *ICI Uniqema v. Kobo Prods., Inc.*, No. 06-2943, 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009). Furthermore, "[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *CCP Sys. AG v. Samsung Elecs. Corp.*, No. 09-4354, 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010).

The Court is unconvinced that granting a stay in this action would unduly prejudice Mondis or give LGE a clear tactical advantage in this litigation. As noted above, the delay inherent in a reexamination does not create undue prejudice on its own, and thus any delay from the reexamination proceeding does not alone weigh against imposing a stay. *Id.*

Furthermore, economic concerns raised by Mondis are not sufficient to convince this Court that a stay would be inappropriate in this case. Courts have found that prejudice may result from a stay where parties are direct competitors, but Mondis and LGE are not direct competitors in any market. *See, e.g.*, *Cordis Corp. v. Abbott Labs.*, No. 07-2265, 2009 WL 8591527, at *1 (D.N.J. Feb. 3, 2009); *Nippon Steel & Sumito Metal Corp. v. POSCO*, No. 12-2429, 2013 WL 1867042, at *4-5 (D.N.J. May 2, 2013). In addition, courts have noted that if an allegedly injured party is not selling or actively licensing goods or services related to the patents-at-issue, like Mondis in this case, money damages are an adequate remedy to redress harm. *See, e.g.*, *Gioello Enters. Ltd.*

*v. Mattel, Inc.*, No. 99-375 GMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001). The Court finds that Mondis will not suffer undue prejudice from a stay, given that it is not practicing the patents and the patents are expired.[6] If Mondis is awarded money damages as redress for past harm, Mondis can still be made whole monetarily, despite the stay.

Importantly, the Court notes that all of Mondis's legal and equitable remedies will be available when the stay is lifted; a stay does not foreclose Mondis from any remedy, so long as the PTO does not invalidate or otherwise alter the asserted patents. *Monosol Rx, LLC v. BioDelivery Sciences Int'l, Inc*., No. 1-5695, 2012 WL 762501, at *10 (D.N.J. Mar. 7, 2012). Given the reasons presented above, the Court finds that this factor weighs in favor of granting a stay.

b. **Simplification of Remaining Issues in the Case**

The second factor for consideration in evaluating LGE's motion for a stay is "whether a stay will simplify the issues in question and trial of the case." *Stryker Trauma,* 2008 WL 877848, at *1. Reexamination proceedings may simplify litigation by the "cancellation, clarification, or limitation of claims" that may eliminate the court's need to litigate whether LGE has infringed one or more of the asserted claims. *Ethicon*, 849 F.2d at 1428. Thus, a stay could "prevent resources from being expended on invalid or amended claims." *ICI Uniqema*, 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009). And "even if the reexamination [does] not lead to claim amendment or

---

[6] In their briefing, the parties addressed the applicability to this case of the reasoning in *Intellectual Ventures I LLC v. Toshiba Corp.*, a case from the District of Delaware deciding a motion to partially stay a case where the plaintiff was a patent assertion entity. No. 13-453-SLR/SRF, 2015 WL 3773779 (D. Del. May 15, 2015). That case denied a stay on the grounds that delay would unduly prejudice the plaintiff because patent licensing is a core part of a patent assertion entity's business, and because there had been significant delay in moving the dispute forward. *Id.* at *2. The Court first notes that this case is not binding authority on this Court. And in addition, the result from the *inter partes* reexamination related to *Intellectual Ventures* was scheduled to be announced before claim construction had been completed in the district court case, and thus the case would not be simplified by a stay. *Id.* at *3. This case is markedly different from *Intellectual Ventures* in that a stay here will likely simplify the case because of the advanced stage of the reexamination proceedings versus the stage of the district court case.

cancellation, it could still provide valuable analysis to the district court." *Ethicon*, 849 F.2d at 1428. The Court need not find that all issues be eliminated by a reexamination to grant a stay; the fact that the PTO's reexaminations may create simplification in the case is a sufficient reason to support granting a stay. *Indus. Tech. Research Inst. v. LG Elecs. Inc.*, No. 12-949, 2013 WL 5180108, at *8 (D.N.J. Sept. 12, 2013).

In its analysis of this factor, the Court finds two significant advantages to staying this action. First, staying this action will allow this Court to review the full prosecution history of all asserted patents. The Court will also benefit from review of the PTO's analysis of prior art and the scope of the asserted claims.

Second, the PTO may dispose of one or more of the claims raised in this case, creating the possibility that this case may be simplified without further effort from this Court. As LGE notes, the PTO seems very likely to dispose of at least one claim in the case, given the PTO's historical statistics for patent reexamination. The Court notes that the reexamination proceedings are advanced, given that the PTO has issued a final rejection on the '588 patent and non-final rejections on all asserted claims. Furthermore, the PTO does not have to reject all asserted claims to justify a stay in this action, so long as the case may be simplified. Given the strong likelihood that the PTO will reject or amend at least one claim at issue in this litigation, thus simplifying the action before this Court, the Court finds that this factor weighs towards granting a stay.

### c. Effect of Stay on Trial Schedule and Discovery

The third and final factor for consideration in evaluating LGE's motion for a stay is "whether discovery is complete and whether a trial date has been set." *Stryker Trauma,* 2008 WL 877848, at *1. Courts emphasize that a stay should be sought early in the litigation process. *Sabert Corp.*, 2007 WL 2705157, at *7 (D.N.J. Sept. 14, 2007). The third factor often weighs against a

stay in situations with a "late stage of litigation, [where] discovery was or would be almost completed, or [when] the matter had been marked for trial." *GPAC*, 144 F.R.D. at 64.

The Court finds that this case is still in its early stages. Fact discovery in this case began in February 2015, and paper discovery has been extended to November 9, 2015 [Docket Entry 99]. *Markman* hearing and trial dates have not been set by this Court. Furthermore, Mondis recently added claims of infringement on 67 different products on August 5, 2015, and little discovery has been conducted on these additional claims. No depositions have been taken, no expert reports have been filed, and no dispositive motions have been filed with the Court. Discovery in this case is certainly not complete. The Court finds that this factor weighs in favor of granting a stay.

Given the application of the factors above, this Court finds that it will be most efficient to stay the present case in this Court and allow litigation of the dispute to proceed within the PTO. Once the PTO has made a final determination about the validity of the asserted patents, the stay may be lifted and the litigation may continue in this Court.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant LGE's motion to stay these proceedings pending the completion of the reexamination process for all asserted patents at the PTO. An appropriate Order will be filed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  November 12, 2015

15