

Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1  215  994  4000  Main
+1  215  994  2222  Fax
www.dechert.com

**MARTIN J. BLACK**

martin.black@dechert.com
+1 215 994 2664  Direct
+1 655 655 2664  Fax

July 13, 2016

**VIA ECF AND FED EX**

Hon. Stanley R. Chesler, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:  *Mondis Technology Ltd. v. LG Electronics Inc., et al.*, Civil Action No. 15-4431

Dear Judge Chesler:

This firm represents Mondis Technology Ltd. in connection with the above-referenced matter. As the Court may recall, on November 12, 2015, this court issued an Order granting LG's motion to stay the case pending the outcome of numerous petitions for reexamination filed by LG against the five patents-in-suit.  D.I. 121.  Because the reexamination proceedings have now been concluded, Mondis respectfully requests that the court promptly reactivate the present case and set a scheduling conference.

More particularly, despite LG's filing of a petition for Inter Partes Review (IPR) and *three* separate petitions for *ex parte* reexamination, asserted claims 14-16 of U.S. Patent No. 7,475,180 ("the '180 patent") have been confirmed by the Patent Office as being valid.[1]  In order to expedite the restarting of the district court litigation, Mondis has voluntarily cancelled all the claims of the remaining four patents-in-suit.  Thus, the newly streamlined case can now proceed with just the three asserted and confirmed claims of the '180 patent.

Mondis presents the below summary of the proceedings to refresh the Court's recollection as to the history and status of the case.

---

[1] The PTO declined to institute the IPR on September 17, 2015.  Case IPR2015-00942. With respect to Reexamination Nos. 90/013,237 and 90/013,390, the PTO issued a reexamination certificate on December 28, 2015.  With respect to Reexamination No. 90/013,481, the PTO issued a reexamination certificate on June 28, 2016.



**Procedural History**

LG is no stranger to Mondis or to the asserted patents.  Mondis originally brought suit against LG and several co-defendants in the Eastern District of Texas on December 31, 2007, accusing LG's computer monitors of infringing the same patents at issue in the instant action.  Mondis and LG settled that case on September 17, 2009, with LG taking a license to the asserted patents for computer monitors.  Televisions, however, were excluded from the scope of the settlement, and the parties continued to negotiate a license with respect to such LG televisions.

Mondis proceeded to trial against Innolux and Hon Hai, LG's former co-defendants.  The jury reached a verdict on June 27, 2011, finding claim 14 of the '180 patent, which is now also triple-confirmed by the Patent Office, to be both valid and infringed despite the defendants' best efforts to invalidate the claim.

Notwithstanding the jury finding that claim 14 of the '180 patent was both valid and infringed, LG continued to refuse to take a license for its televisions.  With the 6-year damages window of 35 U.S.C. § 286 threatening to cut into Mondis' rights to compensation for LG's infringement, Mondis filed the present suit on June 21, 2014, in the Eastern District of Texas.  Mondis deferred serving the complaint in order to afford the parties additional time to continue to negotiate a license.

Notably, in May 2014, an anonymous party filed two petitions for reexamination against some of the asserted patents.  Representatives of Mondis twice asked whether LG was the party who had filed the petitions for reexamination.  On both occasions, LG denied any involvement.  On that basis, Mondis continued what it believed to be good faith negotiations with LG, and therefore to defer the litigation.  Eventually, unable to reach an agreement, Mondis was forced to serve the complaint on October 16, 2014, to comply with the deadline in Fed. R. Civ. P. 4(m).  As was revealed later, despite LG's repeated denials, LG was in fact the party who had filed the May 2014 reexamination petitions.  LG procured delay be deception.

Once the case was underway, LG's principal tactic has been to delay further.  On January 28, 2015, LG filed a motion in the Eastern District of Texas requesting a stay of the case in view of pending reexaminations, including the ones filed surreptitiously by LG in May 2014.  D.I. 25.  It was only at that point that it came to light that LG had deceived Mondis and it was LG who was responsible for the May 2014 reexamination petitions, whereupon LG withdrew its motion to stay.  D.I. 39-32 (Feb. 6, 2015, letter from Jamie Beaber to Jeff Plies acknowledging "that LG Electronics, Inc. had involvement in the filing of the May 2014 *ex parte* reexamination requests against U.S. Patent Nos. 7,475,180 and 7,089,342"); D.I. 33 (LG Unopposed Motion to Withdraw Motion to Stay).

Case 2:15-cv-04431-SRC-CLW   Document 132   Filed 07/13/16   Page 3 of 4 PageID: 7427



Hon. Stanley R. Chesler, U.S.D.J.
July 13, 2016
Page 3

On January 28, 2015, LG also filed a motion to transfer the case from the Eastern District of Texas to the District of New Jersey. D.I. 24. After assuring the Texas court that "[t]ransferring the case will also not cause delay" (D.I. 45 at 6), Judge Gilstrap granted LG's motion on June 3, 2015. D.I. 56. However, after LG filed a subsequent "clarification" motion to terminate the court's still pending case deadlines (D.I. 57), Judge Gilstrap concluded that LG's purpose was at least, in part, for "additional delay." D.I. 59 at 3.

Despite LG's representations to Judge Gilstrap that transfer to New Jersey was not for purposes of delay, LG promptly filed a motion for stay in this court on September 18, 2015. The court granted the motion on November 12, 2015. D.I. 121. Now that the reexaminations have concluded, the stay should be lifted.

**Contentions**

Mondis served patent infringement contentions on LG on January 30, 2015. LG then served its invalidity contentions on March 27, 2015. At LG's request, and as a compromise to resolve a dispute concerning the sufficiency of Mondis' infringement contentions, Mondis served supplemental infringement contentions on LG on August 21, 2015.

Mondis is amenable to permitting LG to serve supplemental invalidity contentions if it wishes to do so. However, given that LG is familiar enough with the prior art to have already filed five petitions for Inter Partes Review and a dozen petitions for *ex parte* reexamination at the Patent Office, and given that there are now only three asserted claims from one patent, LG should be able to provide any supplemental contentions promptly.

**Claim Construction**

There is already an existing claim construction order for the '180 patent from the Eastern District of Texas from the original case between Mondis and LG. 2:07-cv-00565-TJW (E.D. Tex.), D.I. 282, Jan. 24, 2011. In the instant case, Mondis and LG completed claim construction briefing on June 17, 2015. No claim construction hearing has yet occurred in the present action. LG will no doubt contend that the reexamination proceedings have affected the claim construction issues. Without agreeing to any such contention, Mondis is amendable to the parties filing short supplemental claim construction briefs. Certainly, a full round of supplemental briefing can be completed in a few weeks given that there are only three asserted claims.



Hon. Stanley R. Chesler, U.S.D.J.
July 13, 2016
Page 4

**Discovery**

Pursuant to the original Docket Control Order entered by Judge Gilstrap, fact discovery was set for completion on September 9, 2015.  Moreover, Judge Gilstrap declined to vacate this deadline in response to LG's motion for "clarification" filed June 8, 2015.  D.I. 59.  On September 3, 2015, less than one week before this deadline, Magistrate Waldor stayed discovery pending resolution of LG's motion to stay the case.[2]  D.I. 99.

LG previously represented in briefing to the Texas court that it has substantially completed document discovery.  Mondis has produced more than 890,000 pages of documentation.  Both parties have served and responded to written discovery.  However, no deposition have yet been taken.  Although Mondis served a 30(b)(6) notice on June 25, 2015, LG declined to timely identify witnesses prior to Judge Waldor staying discovery.

Fact discovery will need to resume so that the parties can finalize their document productions and written discovery responses.  However, these items are nearly complete.  The parties will also need to take depositions.  However, these remaining discovery matters should be able to be completed in 4-6 weeks, at which time the parties can then serve expert reports.

\*\*\*   \*\*\*   \*\*\*

Accordingly, Mondis respectfully requests that the Court schedule a conference to address the issues outlined above at its earliest convenience.  In preparation for such a conference, Mondis suggests that the parties meet-and-confer so as to submit either an agreed proposed scheduling order, or, if no agreement can be reached, to submit competing scheduling proposals.

Sincerely,

/s/ Martin J. Black

Martin J. Black

Cc:    Hon. Cathy L. Waldor, U.S.M.J.  (via ECF)
       All Counsel of Record (via ECF and email)

---

[2] Except for some limited document discovery pertaining to products newly identified in Mondis' supplemental infringement contentions served on August 21, 2015.