UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MONDIS TECHNOLOGY LTD, | : | |
| Plaintiff, | : | Civil Action No. 15-4431 (SRC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| LG ELECTRONICS, INC. et al., | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"). LG moves for summary judgment of invalidity of claims 14-16 of U.S. Patent No. 7,475,180 ("the '180 patent") due to lack of written description. Plaintiff Mondis Technology Ltd ("Mondis") opposes the motion. For the reasons that follow, the motion will be denied.

The specification of a patent as filed must "contain a written description of the invention." 35 U.S.C. § 112. A specification has an adequate written description when it "reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date" of the patent. Ariad Pharms., Inc. v. Eli Lilly & Co., 598 F.3d 1336, 1351 (Fed. Cir. 2010). "[T]he test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art . . . . [to] show that the inventor actually invented the invention claimed." Id. "To overcome the presumption of validity of patents, the accused must show that the claims lack a written description by clear and

convincing evidence." Hynix Semiconductor Inc. v. Rambus Inc., 645 F.3d 1336, 1351 (Fed. Cir. 2011). "Written description is a question of fact." Rivera v. ITC, 857 F.3d 1315, 1319 (Fed. Cir. 2017).

At issue on this motion is one phrase in claim 14 of the '180 patent: "an identification number for identifying at least a type of said display unit." LG argues, in short, that the specification does not explain what is meant by "a type of display unit" and thus fails to satisfy the requirement that the specification reasonably convey to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date. The parties do not dispute that the specification does not expressly discuss or explain how the inventors understood "a type of display unit."

Mondis opposes the motion on several grounds. First, Mondis points out that LG has offered no evidence about how the skilled artisan would understand (or not understand) "a type of display unit." This is correct as a factual assertion, but not dispositive. LG here relies on the evidence contained within the four corners of the patent itself. It is undisputed that the specification does not explain what is meant by "a type of display unit."

Second, Mondis offers the declaration of Joseph D. Lamm as expert opinion. Lamm states:

> To one of ordinary skill at the time of invention, a display "type" referred to the technology type of the display such as whether it was based on cathode ray tube (CRT) technology or different flat panel technologies (e.g., passive matrix LCD, active matrix LCD, plasma, etc.). The term "type" was also used to refer to whether the display unit was color or monochrome (i.e. black and white).

(Lamm Dec. ¶ 16.) Lamm supports this conclusion by pointing to, *inter alia*, several prior art patents, as well as to elements of embodiments in the specification of the '180 patent – a color

cathode-ray tube, a liquid crystal display – that he contends exemplify what the inventor meant by "type of display unit." (Id. at ¶¶ 16-17.)

In reply, LG points to Rivera as authority that the knowledge of skilled artisans "may **not** be used to fill claim limitations that are missing from the specification." (LG Reply Br. 1.) Rivera does not, however, support LG's argument. In Rivera, the Federal Circuit held:

> The knowledge of ordinary artisans may be used to inform what is actually in the specification, but not to teach limitations that are not in the specification, even if those limitations would be rendered obvious by the disclosure in the specification.
> . . .
> *Falkner* and *Boston Scientific* are not to the contrary. In *Falkner*, we held that a disclosure in an application of vaccinia, a type of poxvirus, provided sufficient written description for a claim requiring that a mutation in the vaccinia was to an "essential gene." Although the patent did not teach the gene sequence of the essential gene, we held that the specification provided adequate written description support because the sequence of the essential gene was well-known in the art. Unlike *Falkner*, where the application disclosed the use of essential genes in a poxvirus and simply did not include the well-known sequence, the patent here does not teach the identity of the pod and the pod adaptor assembly. *Boston Scientific*, too, is inapposite. There, we noted that "[b]ecause the specification is viewed from the perspective of one of skill, in some circumstances, a patentee may rely on information that is 'well-known in the art' for purposes of meeting the written description requirement." . . . The gap-filling Rivera attempts here is thus non-analogous to that allowed under *Boston Scientific*.

Rivera, 857 F.3d at 1322 (citations omitted). Rivera thus establishes no bright line rule about how the knowledge of the skilled artisan may be used to help satisfy the written description requirement. To the contrary, it cites – contrary to LG's position – the holding of Boston Scientific: "Because the specification is viewed from the perspective of one of skill, in some circumstances, a patentee may rely on information that is 'well-known in the art' for purposes of meeting the written description requirement." Bos. Sci. Corp. v. Johnson & Johnson, 647 F.3d 1353, 1366 (Fed. Cir. 2011). The facts of Rivera are not analogous to the present case, and the holding of Boston Scientific supports Mondis rather than LG on the issue at hand.

3

Mondis has offered evidence that it was well-known in the art at the time of invention what "type of display unit" means. A finder of fact could reasonably conclude, based on Lamm's expert opinion, that a skilled artisan at the time of invention would have believed that the specification reasonably conveys that the inventor had possession of the claimed subject matter as of the filing date. The Lamm declaration thus raises a genuine factual dispute as to whether the '180 patent meets the written description requirement. Because the non-movant has raised a material factual dispute, the motion for summary judgment will be denied.

For these reasons,

**IT IS** on this 12th day of October, 2017

**ORDERED** that LG's motion for summary judgment (Docket Entry No. 215) is **DENIED**.

                                                     s/ Stanley R. Chesler
                                               Stanley R. Chesler, U.S.D.J.