**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MONDIS TECHNOLOGY LTD., HITACHI MAXELL, LTD., n/k/a MAXELL HOLDINGS, LTD., and MAXELL, LTD., | Civil Case No.: 2:15-cv-04431 (SRC)(CLW) |
| Plaintiffs, | *Electronically Filed* |
| v. | |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., | |
| Defendants. | |

**FIRST AMENDED COMPLAINT**

Plaintiffs Mondis Technology Ltd. ("Mondis"), Hitachi Maxell, Ltd. n/k/a Maxell

Holdings, Ltd., and Maxell, Ltd. (collectively "Plaintiffs") for their First Amended Complaint

against Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG" or

"Defendants") hereby allege as follows:

**NATURE OF ACTION**

1.      This is a civil action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1, *et seq.*

**THE PARTIES**

2.      Plaintiff Mondis is a corporation organized under the laws of England, with its

principal place of business at Suite 3C, Lyttelton House, 2 Lyttelton Road, London N2 0EF,

England.

3.      Plaintiff Maxell Holdings, Ltd., formerly Hitachi Maxell, Ltd., is a corporation organized under the laws of Japan, with its principal place of business at 1 Koizumi, Oyamazaki, Oyamazaki-cho, Otokuni-gun, Kyoto, Japan.

4.      Plaintiff Maxell, Ltd. is a corporation organized under the laws of Japan, with a registered place of business at 1 Koizumi, Oyamazaki, Oyamazaki-cho, Otokuni-gun, Kyoto, Japan.

5.      Defendant LG Electronics, Inc. ("LG Korea") is a corporation organized under the laws of Korea with its principal place of business at LG Twin Tower 128, Yeoui-daero, Yeongdeungpo-gu, Seoul, Korea.  LG Korea is in the business of developing, manufacturing, and selling consumer electronics for importation into the United States.  Such devices include, but are not limited to, televisions.

6.      Defendant LG Electronics U.S.A., Inc. ("LG USA") is a company organized under the laws of the state of Delaware with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey.  LG USA is in the business of developing, manufacturing, importing, and selling electronic devices.  Such devices include, but are not limited to, televisions.

**JURISDICTION AND VENUE**

7.      This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.*

8.      This Court has personal jurisdiction over LG in this action.  LG knowingly and purposefully availed itself of the protections and benefits of the laws of the United States, the State of New Jersey, and this District.  For example, LG availed itself of this District when it

filed counterclaims against Mondis asserting actions for declaratory judgment of non-infringement, invalidity, and unenforceability of certain of Plaintiff's patents, including the Patent-in-Suit in this action, U.S. Patent No. 7,475,180.

9.      This Court also has personal jurisdiction over LG in this action because LG knowingly and purposefully ships, distributes, offers for sale, and/or sells its products in the United States and this District through an established distribution network, either directly or through intermediaries (including distributors, retailers, and others), subsidiaries, and/or agents. LG has knowingly placed the accused television into the stream of commerce, with the intent and result that they have been distributed and sold in the state of New Jersey and this District. For example, accused LG televisions have been sold to and by Walmart and Best Buy stores located within this District.

10.      This Court also has personal jurisdiction over LG in this action because LG has purposefully and voluntarily operated and currently operates an interactive website that is available to persons in this District which advertises and markets infringing televisions and provides information as to stores located in this District which advertise and offer for sale the accused televisions.  These accused LG televisions have been purchased by consumers in this District.  Upon information and belief, LG has committed the tort of patent infringement in this District and/or has induced others to commit patent infringement in this District.

11.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that LG is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue, and LG has committed acts within this judicial District giving rise to this action and does business in this District, including but not limited to filing judicial actions in this District, distributing and/or offering for sale and/or

selling infringing televisions in this District, providing service and support to their respective customers in this District, and/or operating an interactive website that is available to persons in this District which advertises and markets infringing televisions and provides information as to stores located in this District which advertise and offer for sale infringing televisions.

## THE PATENT-IN-SUIT

12.     On January 6, 2009, United States Patent Number 7,475,180 ("the '180 Patent"), entitled DISPLAY UNIT WITH COMMUNICATION CONTROLLER AND MEMORY FOR STORING IDENTIFICATION NUMBER FOR IDENTIFYING DISPLAY UNIT with named inventors Ikuya Arai and Kouji Kitou, was duly and legally issued by the United States Patent and Trademark Office from U.S. Patent Application Number 10/160,022, claiming priority from a foreign application filed on February 10, 1993.  A true and correct copy of the '180 Patent is attached as Exhibit A to this Complaint.

13.     Mondis is the assignee and owner of the right, title, and interest in and to the '180 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it, including past damages.

14.     Pursuant to a patent, sale, and assignment agreement ("PSALA") dated October 30, 2007: (a) Hitachi, Ltd. ("Hitachi") assigned to Mondis its interest in U.S. Patent Application No. 10/160,022, which matured into the '180 patent, and (b) Mondis granted a license back to Hitachi.  By agreement dated July 1, 2013, Hitachi Maxell, Ltd. became the Hitachi party under the PSALA and assumed any and all of Hitachi Ltd.'s rights and interests in the '180 patent.  As of October 1, 2017, Hitachi Maxell, Ltd. completed a reorganization pursuant to which Hitachi Maxell, Ltd. changed its name to Maxell Holdings, Ltd. and became a holding company with active operations conducted through subsidiary Maxell, Ltd.  Maxell Holdings, Ltd. and Maxell, Ltd. agree to be bound by the judgment in this case.

## FACTUAL BACKGROUND

### Prior Litigation

15.     On December 31, 2007, Mondis filed a Complaint in the Eastern District of Texas against LG *et al.*, (Case No. 2:07-CV-565) alleging that certain LG computer monitors infringed several U.S. patents in the same family as the '180 patent.

16.     On May 14, 2008, Mondis filed a First Amended Complaint in Case No. 2:07-CV-565, alleging that certain LG computer monitors also infringed U.S. Patent No. 7,089,342.

17.     On March 9, 2009, Mondis filed a Second Amended Complaint in Case No. 2:07-CV-565, alleging that certain LG computer monitors also infringed the '180 patent.

18.     Mondis and LG subsequently reached a settlement with respect to Mondis's claims against LG's computer monitors, and the district court entered an Order of Dismissal on September 17, 2009.  The Order of Dismissal states that: "[a]ll claims and counterclaims in the above-captioned action between the parties are hereby dismissed: (a) with prejudice in relation to all products other than 'Unreleased Products' noted in the parties' Settlement Agreement, and (b) without prejudice in relation to those 'Unreleased Products.'"

19.     To the extent that any of Mondis' claims in Case No. 2:07-CV-565 pertained to infringement of the patents-in-suit by LG televisions, those claims were dismissed without prejudice.

20.     Following the settlement in Case No. 2:07-CV-565, Mondis and LG exchanged periodic communications and engaged in repeated negotiations regarding LG's need to obtain a license from Mondis for its television products.  At no time has Mondis or any other entity granted LG a license to practice any of the patents-in-suit with respect to televisions.

21.    After LG was dismissed from Case No. 2:09-CV-565, the case proceeded against named co-defendants Innolux and Hon Hai. At the conclusion of a jury trial, the jury returned a verdict finding that televisions manufactured, sold, and/or imported by Innolux and Hon Hai infringed at least claim 15 of the '342 patent and claim 14 of the '180 patent.  The jury also found these claims to be valid over numerous prior art references and extensive fact and expert testimony introduced by the defendants.  The jury also determined that a reasonable royalty rate for televisions was 0.75%.

## Plug-and-Play ("PnP") Functionality

22.    The Video Electronics Standards Association ("VESA") is an industry standards setting organization for monitors and displays that was formed in the late 1980's.  VESA has promulgated several standards that relate to LG televisions

23.    More particularly, on June 7, 2004, VESA promulgated a standard for "Plug & Play."  The purpose of this standard was to enable a display and an attached video source to readily communicate with one another, wherein the display is able to transmit stored display unit information to the video source.  The video source is then able to use this display unit information to generate and send a compatible video signal to the display.  This process can take place automatically so that user intervention is not required.  The user may simply connect his computer or other video source to the display, and a viewable picture will be displayed without the user having to make numerous manual adjustments.  Indeed, this process is normally performed, for example, when a computer running Microsoft Windows or the Apple operating system is started and is connected to a display supporting the Plug-and-Play feature.

24.    To facilitate the foregoing Plug-and-Play functionality, displays supporting this technology include a memory that stores information relating to the display unit.  The specific

types and formats of this display unit information are set forth in a VESA standard entitled

Enhanced Extended Display Identification Data Standard ("E-EDID"). The EDID information

may include data such as a product identification number, product name, a serial number,

display type information, information relating to potentially supported functions (*e.g*., power

management or operating modes), as well as characteristic information relating to the video

resolutions and signal timings supported by the display unit.

25.     To further facilitate Plug-and-Play functionality, the display unit includes a bi-

directional communications channel that enables the video source to request and receive the

EDID display unit information from the memory.  This communications channel is described in

the VESA Enhanced Display Data Channel Standard ("E-DDC").  The bi-directional

communications channel described in the E-DDC standard employs a Philips I2C bus and

protocols to enable the video source to read the EDID display unit information from the

memory in the display unit.  The display unit further includes an I2C communications controller

that manages these bi-directional communications.  The I2C protocol includes the sending of an

acknowledgement signal back to the transmitter upon receipt of a message.

26.     Displays, including the accused LG televisions, include an interface for

communicating video signals, display unit information, and control signals between the display

and a video source.  Such interfaces include, but are not limited to, a VGA (*i.e*., "RGB," "PC"

or "D-SUB") interface.  In the case of a VGA interface, the accused televisions include a

memory associated with the VGA interface that stores the EDID data.  Pins 12 and 15 of the

VGA interface are used to implement the bi-directional I2C communications channel between

the television and the video source that enables the video source to read the EDID data out of

the television's memory.

27.     The accused LG televisions further include a video circuit for receiving, processing, displaying, and outputting video signals received over the video interfaces, including the VGA interface.  More particularly, the accused LG televisions include a system-on-a-chip ("SOC") that includes video input circuitry, analog and digital video decoders, scaling circuitry, and output circuitry.  Non-limiting examples of such SOC's include the LG XD Engine LGE2112, LG XD Engine LGE2111, and LG L9.

28.     LG manufactures and then imports, sells, or offers to sell in the United States numerous models of televisions that support the VESA Plug-and-Play functionality and implement the VESA E-EDID, VESA E-DDC, and Philips I2C standards.  LG TV's that provide Plug-and-Play or EDID functionality comprise accused televisions. Non-limiting examples of such accused televisions include: 26LG30, 22LF10, 32LH20, 37LH20, 50PJ350, and 47LM6200.

## COUNT I

### (LG's Infringement of the '180 Patent)

29.     Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30.     LG has had knowledge of the '180 patent since January 15, 2009.  Pursuant to 35 U.S.C. § 287(a), LG received actual notice of infringement no later than this date.

31.     LG has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '180 patent under 35 U.S.C. § 271(a) by importing, selling, and/or offering to sell televisions that support Plug-and-Play functionality in the United States.  LG has also directly infringed by using, testing, operating and/or demonstrating televisions possessing the Plug-and-Play functionality at tradeshows or during the execution of test and repair procedures at service facilities in the United States.

32.     LG has indirectly infringed, either literally or under the doctrine of equivalents, one or more claims of the '180 patent under 35 U.S.C. § 271(b) by inducing users and customers of LG televisions to use the Plug-and-Play functionality in an infringing manner.  For example, LG advertises and identifies to users the Plug-and-Play functionality and provides instructions on how to connect video sources to the television's VGA port, wherein the TV will then use the claimed technology.  In view of the foregoing, LG has possessed specific intent to encourage others, and has in fact encouraged others, to infringe one or more claims of the '180 patent.  The customers and end users have used and practiced the claimed inventions.

33.     On information and belief, LG has also indirectly infringed, either literally or under the doctrine of equivalents, one or more claims of the '180 patent under 35 U.S.C. § 271(b) by inducing third-parties to import, sell, or offer to sell LG televisions that possess Plug-and-Play functionality in the United States.  More particularly, LG has manufactured accused TV's overseas with full knowledge and intent that such TV's will be imported, sold, or offered for sale in the United States.  This intent is demonstrated at least by LG designing and manufacturing the TV's to be compliant with Federal Communication Commission (FCC) requirements, obtaining Underwriters Laboratories (UL) certification for the TV's, making the TV's compatible with ATSC broadcast standards used in the United States, providing written instructions and on-screen displays in English, maintaining a U.S. web site for marketing of the TV's, and by making the TV's compatible with U.S. power requirements.  LG encourages third-parties to import and/or sell the accused TV's in the United States by entering into contractual relationships with them and assisting them with the movement of LG's TV's through distribution channels into and within the United States. Third-parties have, in fact,

imported, sold, and/or offered to sell the accused LG TV's in the United States.  Such third

parties include, by way of example Walmart and Best Buy.

34.     LG has also indirectly infringed, either literally or under the doctrine of

equivalents, one or more claims of the '180 patent under 35 U.S.C. § 271(c) by importing,

selling, and/or offering to sell in the United States televisions that possess Plug-and-Play

wherein there is no substantial non-infringing use for televisions with this feature.  Further,

televisions that include the Plug-and Play feature are not staple items of commerce.  In addition,

LG knew that the TV's with Plug-and-Play were especially made and adapted to use the

claimed inventions of the '180 patent. Customers and end users of the accused LG televisions

have used and practiced the claimed inventions.

35.     LG's infringement has been willful.  LG has been aware of the '180 patent since

no later than January 15, 2009, and LG has engaged in prior litigation with Mondis over this

patent.  Furthermore, LG has previously taken a license to the '180 patent for computer

monitors, wherein computer monitors employ substantially similar Plug-and-Play functionality.

Thus, LG's conduct has been objectively reckless, and LG has possessed subjective specific

intent to infringe the patent.

36.     Mondis has been harmed by LG's infringement and is entitled to recover

damages to compensate for the infringement.  Further, any damages award should be trebled in

view of LG's willful infringement.

## DEMAND FOR JURY TRIAL

37.     Mondis hereby demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment for themselves and against

Defendants as follows:

a) That this Court issue a judgment that U.S. Patent No. 7,475,180 is valid and

enforceable.

b) That this Court adjudge that Defendants have infringed U.S. Patent No.

7,475,180.

c) That this Court ascertain and award Mondis all appropriate damages under 35

U.S.C. § 284 sufficient to compensate Mondis for the Defendants' past infringement, including

interest, costs, and disbursements.

d) That this Court adjudge Defendants' infringement of U.S. Patent No. 7,475,180

to have been willful and to award treble damages pursuant to 35 U.S.C. § 284.

e) That this Court finds this case to be exceptional within the meaning of 35 U.S.C.

§ 285 and awards Plaintiffs their reasonable attorneys' fees, costs, and expenses that Plaintiffs

incur in prosecuting this action; and

f) That this Court awards Plaintiffs any further relief at law or in equity as the

Court deems just and proper.

*DATED:*  January 8, 2019                    Respectfully submitted,


By:  /s/ Brian M. Goldberg

Martin J. Black
Brian M. Goldberg
Jeffrey S. Edwards (pro hac vice)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19106
Tel.: (215) 994-4000
Fax: (215) 994-2222
martin.black@dechert.com
brian.goldberg@dechert.com
jeffrey.edwards@dechert.com

Jeffrey B. Plies (pro hac vice)
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Tel.: (512) 394-3000
Fax: (512) 394-3001
jeff.plies@dechert.com

Attorneys for Plaintiffs Mondis Technology
Ltd., Maxell Holdings, Ltd., and Maxell, Ltd.