**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MONDIS TECHNOLOGY LTD,

    Plaintiff,

    v.

LG ELECTRONICS, INC.
et al.,

    Defendants.

Civil Action No. 15-4431 (SRC)

**OPINION & ORDER**

---

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the First Amended Complaint ("FAC") for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), by Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"). Plaintiff Mondis Technology Ltd ("Mondis") opposes the motion. For the reasons that follow, the motion will be denied.

On October 25, 2018, LG filed a first motion to dismiss the Complaint for lack of subject matter jurisdiction. LG argued, in short, that Mondis does not hold legal title to the '180 patent, pursuant to Aspex Eyewear, Inc. v. Miracle Optics, Inc., 434 F.3d 1336, 1340 (Fed. Cir. 2006), and lacks prudential standing to sue LG on its own. In opposition, Mondis disagreed, but argued in the alternative that any defect in prudential standing could be easily cured by allowing it to join putative patent owner Hitachi Maxell, Ltd. ("Hitachi"). On December 12, 2018, the Court heard oral argument on the motion and gave leave to Mondis to file an amended complaint which joined Hitachi as a party to the case. This Court subsequently denied the motion to dismiss as moot. The FAC, filed January 8, 2019, added Hitachi as a co-plaintiff.

LG then filed the instant motion to dismiss the FAC for lack of subject matter jurisdiction. LG argues, in short, that Hitachi cannot be a named plaintiff because it lacks constitutional standing to sue LG. LG contends that the FAC should be dismissed because Mondis, alone, does not have both constitutional and prudential standing.[1]

The instant motion builds on the arguments made in the prior motion. LG's argument can be broken into two parts: 1) as previously argued, the Court should recharacterize the October 30, 2007 transaction between Hitachi and Mondis to find that there was no effective transfer of legal title to the '180 patent to Mondis, pursuant to Bell Intercontinental Corp. v. United States, 180 Ct. Cl. 1071, 1077 (1967),[2] and its progeny, and therefore Hitachi retains the legal title; and 2) Hitachi transferred to Mondis its right to sue LG for infringement and therefore lacks constitutional standing to be in this case. LG argues that, because Mondis lacks prudential standing and Hitachi lacks constitutional standing, neither Plaintiff has standing to pursue this case, and this Court lacks subject matter jurisdiction.

For the sake of discussion only, this Court will consider LG's first proposition to be correct: the 2007 transaction, although labeled a sale of the '180 patent, was ineffective as an assignment of the '180 patent, and Hitachi retains legal title. Even if this proposition is taken as true, LG must still demonstrate that the second proposition is true, and it has not done so. The problem for LG is that it has inserted into the law a new requirement that Hitachi fails: the holder

---

[1] Mondis and LG do not dispute that Mondis has constitutional standing to sue LG for patent infringement.

[2] "[I]n order that a transfer constitute a sale, there must be a grant of all substantial rights of value in the patent. The transfer of anything less is a license which conveys no proprietary interest to the licensee." Id.

of legal title to the patent must show constitutional standing to be joined, pursuant to Rule 19, to a suit for damages against an infringer. LG has shown no controlling authority to support this proposed requirement.

LG's proposed new requirement holds that, when a licensee seeks to join, pursuant to Rule 19, the entity holding legal title to a patent as a party to the case to remedy a defect in prudential standing, the Court must first test that owner for constitutional standing. And not just any constitutional standing, but an infringement injury-in-fact. The problem for LG is that it has not demonstrated that the Federal Circuit has expressly established this requirement or that it is implicit in its jurisprudence. This Court finds no controlling authority for the proposition that it must test the patent owner for constitutional standing before allowing joinder under these circumstances. The cases all but state that no such requirement exists. Consider the statement of the "general rule" in Prima Tek II, L.L.C. v. A-Roo Co., 222 F.3d 1372, 1377 (Fed. Cir. 2000) (citations omitted, emphasis added):

> Although an exclusive licensee may have standing to participate in a patent infringement suit, in some cases it must still be joined in suit by the patent owner. In *Independent Wireless*, the Supreme Court held that, where a patent infringement suit was brought by an exclusive licensee, the patent owner was an indispensable party who was required to be joined, **either voluntarily as a plaintiff or involuntarily (by process) as a defendant**, in order to satisfy the requirements of standing. The holding of *Independent Wireless* was incorporated into the Federal Rules of Civil Procedure in 1937 with the adoption of Rule 19.
>
> As a general rule, this court continues to adhere to the principle set forth in *Independent Wireless* that a patentee should be joined, either voluntarily or involuntarily, in any infringement suit brought by an exclusive licensee. However, this general rule – which we recognize as being prudential rather than constitutional in nature – is subject to an exception. The exception is that, where the patentee makes an assignment of all substantial rights under the patent, the assignee may be deemed the effective "patentee" under 35 U.S.C. § 281 and thus may have standing to maintain an infringement suit in its own name.

3

Note that the Federal Circuit held that the prudential standing problem could be solved by joining the patent owner **either as a plaintiff or as a defendant**.[3] This necessarily implies that the joined owner need not meet requirements specific to plaintiffs.

To restate what the Federal Circuit held in Prima Tek: 1) in Independent Wireless,[4] the Supreme Court established the general rule that a patentee should be joined in any infringement suit brought by an exclusive licensee; and 2) this general rule is prudential rather than constitutional in nature. This makes clear that these principles do not invoke or rely on constitutional requirements, such as the case-or-controversy requirement. The Supreme Court has described prudential standing requirements as "judicially self-imposed limits on the exercise of federal jurisdiction." Allen v. Wright, 468 U.S. 737, 751 (1984). Because they are judicially self-imposed limits, they do not invoke constitutional requirements.[5]

---

[3] The Supreme Court, in Independent Wireless, stated the same.

[4] "The presence of the owner of the patent as a party is indispensable not only to give jurisdiction under the patent laws but also, in most cases, to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions." Indep. Wireless Tel. Co. v. Radio Corp. of Am., 269 U.S. 459, 468 (1926).

[5] Similarly, in WiAV Sols. LLC v. Motorola, Inc., 631 F.3d 1257, 1265 n.1 (Fed. Cir. 2010), the Federal Circuit stated: "An exclusive licensee generally must join the patent owner to the suit to satisfy prudential standing constraints . . ." The Court stated no constitutional requirements or considerations.

In Propat Int'l Corp. v. RPost US, Inc., 473 F.3d 1187, 1193 (Fed. Cir. 2007), the Federal Circuit characterized the case law as follows:

> We explained that the requirement that the exclusive licensee must normally join the patent owner in any suit on the patent is a "prudential" requirement, not a constitutional requirement based on Article III limitations, and that an action brought by the exclusive licensee alone may be maintained as long as the licensee joins the patent owner in the course of the litigation.

4

This understanding is supported by the Federal Circuit's explanation of the policy rationales underlying the general rule: "principally, from the standpoint of an accused infringer, avoidance of multiple lawsuits and liabilities, and, from the standpoint of the patentee, ensuring that its patent is not invalidated or held unenforceable without its participation." Evident Corp. v. Church & Dwight Co., 399 F.3d 1310, 1314 (Fed. Cir. 2005). Both of these fundamental policy concerns stem from prudential considerations, not constitutional requirements. Constitutional standing permits the exclusive licensee to bring suit for infringement, but not to bring suit alone. As outlined above, the law allows that, under certain circumstances, the holder of legal title to the patent should be joined as an indispensable party, pursuant to Rule 19.

LG has shown no authority for the proposition that the Court, in exercising its authority under Rule 19, must re-apply the constitutional case-or-controversy requirement before allowing joinder. Nor has LG cited any Federal Circuit case in which the Court, examining the joinder of a patent owner, required a showing of an injury-in-fact by the owner. There is no controlling authority for the proposition that a licensee who joins a patent owner to satisfy prudential requirements must demonstrate that the owner has constitutional standing.

In sum, the Court finds that if, for the purpose of consideration of this motion only, we take LG's first proposition as true – that the 2007 transaction failed to transfer legal title in the '180 patent from Hitachi to Mondis, and that the Court casts aside the parties' labels and concludes that, in effect, Hitachi retained legal title and Mondis emerged in the position of an

---

Note that the final clause states only one condition for the maintenance of an action for infringement brought by an exclusive licensee: the patent owner must be joined in the course of the litigation. No constitutional requirement is stated, and the Court affirmatively declared that this is not a constitutional requirement.

5

exclusive licensee from the 2007 transaction – , there is a well-worn path in Federal Circuit law to resolve the resultant prudential standing problem: Mondis, pursuant to Rule 19, joins Hitachi as an indispensable party. LG argues unpersuasively that Mondis is barred from that well-worn path by a constitutional standing requirement that has gone unmentioned in Federal Circuit jurisprudence. This Court today does not decide any questions about the theory that the 2007 transaction should be recharacterized, but holds that, even if that theory is correct, Rule 19 authorizes a solution to the potential prudential standing problem. Mondis solved the potential prudential standing problem when it joined Hitachi as a plaintiff, pursuant to Rule 19. Mondis has now met the constitutional and prudential requirements for standing. The motion to dismiss the FAC for lack of subject matter jurisdiction will be denied.

LG argues that, should the Court decline to dismiss the FAC, it should reset the clock on damages based on the date of filing the FAC, on a theory that Rule 15 requires it. LG is incorrect. The FAC did not change Mondis' claims for damages.[6] As LG knows well, Hitachi has no right to sue LG for infringement of the '180 patent. Relation back is not an issue here. LG's request that this Court reset the damages clock in some way is denied.

For these reasons,

**IT IS** on this 26th day of February, 2019

**ORDERED** that LG's motion to dismiss the FAC for lack of subject matter jurisdiction

---

[6] LG points out that there is one material change related to the damages claim: the factual allegation regarding the date of notice of infringement. The original Complaint alleges: "LG has had knowledge of the '180 patent since no later than March 9, 2009." (Compl. ¶ 60.) The FAC alleges: "LG has had knowledge of the '180 patent since January 15, 2009." (FAC ¶ 30.) The Court will not permit this modification and Mondis shall file a further amended complaint to restore the original allegation as to the date of notice.

(Docket Entry No. 379) is **DENIED**; and it is further

**ORDERED** that Mondis shall file a further amended complaint to restore the original allegation as to the date of notice.

                                                     s/ Stanley R. Chesler
                                                   Stanley R. Chesler, U.S.D.J.