# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONDIS TECHNOLOGY LTD., HITACHI MAXELL, LTD., n/k/a MAXELL HOLDINGS, LTD., and MAXELL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC., <br><br> Defendants. | Civil Action No. 15-04431(SRC/CLW) <br><br> **[PROPOSED] ORDER REGARDING THE PARTIES' MOTIONS *IN LIMINE*** <br><br> *Electronically Filed* |

**THIS MATTER** having been brought before the Court by Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc.'s (collectively, "LG") Motions *in Limine* Nos. 1 through 6 (D.E. 321, 323, 325, 326, 327, and 329), and Plaintiffs' Mondis Technology Ltd., Hitachi Maxell, Ltd., n/k/a Maxell Holdings, Ltd., and Maxell, Ltd., (collectively, "Plaintiffs") Motions *in Limine* Nos. 1 through 4 (D.E. 331). The Court having considered the written submissions of the parties and the arguments of counsel at the hearing on February 20, 2019, and for the reasons set forth on the record during this hearing;

**IT IS ON THIS** 25 day of March, 2019,

1.  **ORDERED** that LG's Motion *in Limine* No. 1 is **CARRIED**, pending the *Daubert* hearing scheduled for March 22, 2019; and it is further

2.  **ORDERED** that LG's Motion in Limine No. 2 is hereby **GRANTED-IN-PART** as follows: Plaintiffs' expert Mr. Lamm will not be permitted to voice any opinion about commercial success until and unless the jury has been presented with sufficient evidence from which it could reasonably conclude that the disputed nexus in fact exists between the asserted claims of U.S. Patent No. 7,475,180 ("the '180 patent") and the alleged commercial success; and it is further

3.  **ORDERED** that LG's Motion *in Limine* No. 3 is hereby **GRANTED-IN-PART**, with the following instructions, and based on LG's stipulation that Mondis provided LG notice of infringement pursuant to 35 U.S.C. § 287 at least as early as July 20, 2011: (i) Plaintiffs shall not use, refer to, or allude to the terms "reexamination," "*inter partes* review," or variations thereof at trial and such references shall be redacted from exhibits introduced at trial; (ii) notwithstanding the previous instruction, Mondis may display an unredacted copy of the '180 patent during opening and closing arguments; (iii) Plaintiffs shall generally refer to all proceedings before the Patent & Trademark Office ("PTO") related to the '180 patent as the "Patent Office proceedings", "the prosecution of the patents", or "the prosecution history"; (iv) Plaintiffs are precluded from offering evidence that LG was responsible for any of the reexamination or *inter partes* review proceedings, and

any indication that LG raised certain arguments for the PTO to consider during these proceedings shall be redacted from exhibits introduced at trial; and (v) Plaintiffs shall not make any reference at trial about how many times the PTO examined a prior art reference. For the sake of clarity, to the extent there are instances in which the PTO previously considered a particular prior art reference (whether alone or as part of a combination of references) relied on by LG, Plaintiffs are not precluded from presenting evidence of such instances; and it is further

4.   **ORDERED** that subject to the rulings above with respect to LG's Motion *in Limine* No. 3, LG's Motion *in Limine* No. 4 is otherwise hereby **DENIED**; and it is further

5.   **ORDERED** that LG's Motion *in Limine* No. 5 is hereby **GRANTED-IN-PART** as follows: Plaintiffs may use the June 27, 2011 jury verdict from Mondis's trial against InnoLux in the Eastern District of Texas Civil Action No. 2:07-CV-565-TJW-CE, subject to an appropriate limiting instruction. However, the Court may revisit this ruling and the admissibility of the jury verdict if the case is bifurcated; and it is further

6.   **ORDERED** that LG's Motion *in Limine* No. 6 is hereby **GRANTED** as follows: LG's revenues and profits for non-accused products are hereby excluded, and Plaintiffs are not permitted to offer any evidence, testimony, or arguments regarding LG's revenues and profits for non-accused products at trial, except that

Plaintiffs may mention that there were sales of non-accused monitors and that royalties were paid to Mondis on these monitors; nothing herein shall prevent the parties from referring to or relying on the terms of the Mondis/LG Agreement or royalties paid thereunder; and it is further

6. **ORDERED** that Plaintiffs' Motion *in Limine* No. 1 is **CARRIED**, pending the *Daubert* hearing scheduled for March 22, 2019; and it is further

7. **ORDERED** that Plaintiffs' Motion *in Limine* No. 2 is hereby **GRANTED-IN-PART** as follows: LG may refer to Mondis as a licensing enterprise, but may not argue that there is something wrong with that business model or Mondis because it does not make a product. LG is precluded from referring to the investors or ownership of Mondis or its parent company, but LG may cross-examine Mondis witness Michael Spiro regarding his financial interest in Mondis and in the outcome of the litigation. LG may, in non-pejorative terms, ask Mr. Spiro what his business is as general background and inquire, without overemphasis, how his business makes money, which is by licensing patents, and if people do not accept licenses, by initiating litigation; and it is further

8. **ORDERED** that Plaintiffs' Motion *in Limine* No. 3 is hereby **GRANTED**, and the parties are precluded from referring to the outcomes of prior Patent Office proceedings and trial verdicts regarding patents no longer in the case. Nothing in this order shall preclude the parties from referencing unasserted patents

for other purposes or that unasserted patents were included in Plaintiffs' licenses or trial verdicts; and it is further

9. **ORDERED** that Plaintiffs' Motion *in Limine* No. 4 is hereby **GRANTED-IN-PART-AND-DENIED-IN-PART** as follows: (i) Plaintiffs' motion to preclude LG's expert from offering testimony or opinions regarding the late-produced HDMI license agreement is **DENIED**; and (ii) **ORDERED** that Plaintiffs are permitted, if they choose, to submit a rebuttal expert report addressing the HDMI license agreement by March 13, 2019. If Mondis elects to submit a rebuttal expert report, LG will not be afforded a sur-reply expert report or deposition of Mondis' expert.

Hon. Stanley R. Chesler, U.S.D.J.