## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MONDIS TECHNOLOGY LTD, | |
| Plaintiff, | Civil Action No. 15-4431 (SRC) |
| v. | |
| | **OPINION & ORDER** |
| LG ELECTRONICS, INC. et al., | |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion by Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") for judgment as a matter of law under Rule 50(b), a new trial under Rule 59, and/or remittitur regarding damages and willfulness. This Court had previously considered this motion and, in the Opinion of September 24, 2019, granted the motion in part, denied it in part, and reserved decision in part, pending further briefing. The Court ordered supplementary briefing on the question of the application of the Promega case. After the supplementary briefing was completed, the Court held further oral argument on April 8, 2020. For the reasons that follow, the Court grants the motion for a new trial, and denies both the motion for judgment as a matter of law and the motion for remittitur.

In the Order of September 24, 2019, this Court held that the jury verdict returned on April 12, 2019, finding that LG's infringement was willful and awarding $45 million in compensatory damages, was vacated in part: the Court vacated the jury's verdict awarding $45 million in compensatory damages, but did not alter the jury verdict of willful infringement.

1

The parties then submitted supplemental briefing on the question of whether Plaintiff had waived its right to a damages award, pursuant to Promega Corp. v. Life Techs. Corp., 875 F.3d 651, 666 (Fed. Cir. 2017), and argued this question at the telephonic hearing.

The Court concludes that Plaintiff has not waived its right to a damages award, and that Promega is distinguishable. In Promega, the Federal Circuit held:

> But, as explained above, a patent owner may waive its right to a damages award when it deliberately abandons valid theories of recovery in a singular pursuit of an ultimately invalid damages theory. When a plaintiff deliberately takes a risk by relying at trial exclusively on a damages theory that ultimately proves unsuccessful, and, when challenged, does not dispute that it failed to present an alternative case for damages, a district court does not abuse its discretion by declining to give that plaintiff multiple chances to correct deficiencies in its arguments or the record.

875 F.3d at 666. This Court has ruled that the principal damages theory Mondis pursued at trial, the threshold theory, is not valid under Federal Circuit law, for failure to satisfy the apportionment requirement. The Court had queried whether Mondis, in its pursuit of this invalid damages theory, had abandoned all valid theories, and whether the Promega decision controlled the outcome of this case. The Court concludes that Promega does not determine the proper remedy for the defects in Mondis' damages case at trial.

At the hearing, Mondis argued persuasively that, under both Federal Circuit and Third Circuit law, this Court cannot properly grant LG's motion for judgment as a matter of law. This is correct. Under Third Circuit law:

> Entry of judgment as a matter of law is a sparingly invoked remedy, granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability.

Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007) (citations omitted). At trial, LG's

expert, Mr. Hansen, based on a theory that apportioned, testified that his expert opinion was that Mondis was entitled to damages in the amount of $1.9 million. Hansen's opinion constitutes sufficient evidence from which a jury might reasonably award damages.

The parties do not dispute that the Federal Circuit reviews JMOL motions under the law of the regional Circuit. SRI Int'l, Inc. v. Cisco Sys., 918 F.3d 1368, 1380 (Fed. Cir. 2019). In SRI, the district court was in the Third Circuit, and the Federal Circuit applied the Marra standard, quoted above. Id. Viewing the evidence in the light most favorable to the nonmovant, Mondis, the Court cannot conclude that there was insufficient evidence from which the jury could reasonably award some amount of damages.[1] This Court may not, therefore, grant LG's Rule 50(b) motion. As Mondis argued, that option is not available. This Court need not strain to apply Promega, because it may not be construed to contradict the Third Circuit law which is controlling on this issue.[2] Promega cannot justify a grant of JMOL under these facts. LG's motion for judgment of no damages, as a matter of law, must be denied.

---

[1] Moreover, LG contends, incorrectly, that this Court, in its Opinion vacating the jury's damages award, "rejected Plaintiffs' reliance on their license agreements." (LG Supp. Br. 17.) This Court found Plaintiff's threshold theory to violate the Federal Circuit's apportionment requirement; it did not reject the use of prior licenses as evidence relevant to the Georgia-Pacific analysis.

[2] The Court observes, however, that Mondis effectively distinguished Promega on the facts: the Federal Circuit found that the patentee had expressly disavowed any claim to reasonable royalty damages, relying exclusively on a lost profits damages theory at both trial and during litigation of the subsequent JMOL motion. 875 F.3d at 661. After an adverse Supreme Court decision invalidated the lost damages approach, the Federal Circuit held that, in essence, the patentee, having waived any reasonable royalty, had run out of options for patent damages. Id. at 666. As the Federal Circuit stated, it was "an unusual case," and it is not analogous. Id. LG has not persuaded this Court that Mondis has run out of options for a patent damages case. Certainly, having put on a case seeking reasonable royalties, Mondis cannot be said to have disavowed a claim to reasonable royalty damages, as Promega had. Mondis may have offered expert testimony for an invalid theory, but that is quite different from waiving an entire category of damage theories, as Promega did.

In the alternative, LG moves for a new trial, or remittitur to reduce the amount of damages to $1,904,998 million. Federal Rule of Civil Procedure 59(a) states:

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .

"The authority to grant a new trial resides in the exercise of sound discretion by the trial court." Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1017 (3d Cir. 1995). This Court finds that, having already vacated the jury's damages verdict, it is in the interest of justice to grant the motion for a new trial on the amount of damages. Although, at trial, Mondis relied principally on a theory of damages that did not meet the requirements of Federal Circuit law, the record contains substantial evidence from which a reasonable jury could make a damages determination that would be legally valid. The best and most just remedy here is a new trial. Indeed, LG sought a new damages trial as one outcome in its initial motion to vacate the damages verdict.[3] Although, in its initial response to LG's moving brief, Mondis sought to defend the jury award, once this Court issued its decision to vacate the damages verdict, and Ordered supplementary briefing, Mondis requested a new damages trial.

Mondis now argues that one important reason why there should be a new trial is that 35 U.S.C. § 284 requires the Court to award damages not less than a reasonable royalty. There is merit to what Mondis contends, even if it may not be as absolute as Mondis would like. The

---

[3] In the supplemental briefing, LG shifted course and argued that the Court should not allow Mondis to proceed with a new trial premised on an undisclosed theory of damages. LG here conflates two distinct issues. The Court today grants LG's motion for a new trial, but does not have before it any application from Mondis to present a new damages theory at that trial. While this may well be the subject of future litigation in this case, the Court will cross that bridge if and when it comes to it. Furthermore, LG appears to have forgotten that this Court has before it a motion for a new trial filed by LG, not Mondis.

4

statute says:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

35 U.S.C. § 284. Mondis points out, correctly, that the wording of this provision is mandatory, not discretionary: "the court *shall* award." As the discussion that follows will show, the Federal Circuit has limited this mandate to a damages award that is reasonably supported by the evidence at trial.

In support of this argument, Mondis points to the Federal Circuit's decision in Dow Chemical, in which it held:

> The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty. Further, section 284 is clear that expert testimony is not necessary to the award of damages, but rather "*may* [be] received . . . as an aid." 35 U.S.C. § 284 (2000) (emphasis added).
>
> The district court's conclusion that no damages could be awarded, in light of the presumption of damages when infringement is proven, was in error. But, the district court's obligation to award some amount of damages does not mean that a patentee who puts on little or no satisfactory evidence of a reasonable royalty can successfully appeal on the ground that the amount awarded by the court is not 'reasonable' and therefore contravenes section 284. Should Dow prove infringement of claims 23 and 24 the district court should consider the so-called *Georgia-Pacific* factors in detail, and award such reasonable royalties as the record evidence will support.

Dow Chem. Co. v. Mee Indus., 341 F.3d 1370, 1381-82 (Fed. Cir. 2003) (citations omitted.) This indeed supports Mondis' position. In Dow, the Federal Circuit made clear three key points. First, after a patentee has proven infringement, § 284 gives rise to a presumption of entitlement to an award of damages. Second, the absence of admissible expert testimony in support of a damages theory does not alter this presumption. Third, under such circumstances, the trial court

5

must apply the Georgia-Pacific analysis and award such reasonable royalties as the record evidence will support.

This is not a case in which the exclusion of Bratic's testimony, advancing a legally invalid damages theory, leaves Mondis with no evidence of damages. To the contrary, at trial, Mondis presented a great deal of relevant evidence, particularly the past licensing agreements and the Innolux verdict. The record evidence without Bratic's testimony was sufficient to allow a reasonable jury to award reasonable royalties. Moreover, LG's expert, Mr. Hansen, testified that Mondis was entitled to an award of $1.9 million in damages. As Mondis argues, this in itself provides a basis in evidence to calculate a reasonable royalty.

Mondis argues, persuasively, that, under Federal Circuit law, defects in a patentee's damages case do not mandate an award of zero damages, and that the proper remedy for material and prejudicial defects at trial that require a verdict to be vacated is a new trial without those defects.[4] Mondis also cites the Federal Circuit's decision in Apple, where it held:

> The district court agreed and concluded that Apple was not entitled to any measure of damages because Apple had failed to show that its measure of damages was correct. We disagree and hold that a finding that a royalty estimate may suffer from factual flaws does not, by itself, support the legal conclusion that zero is a reasonable royalty.
>
> Due to the procedural posture in this case, we must assume that the patents at issue are valid and infringed. With infringement assumed, the statute requires the court to award damages "in no event less than a reasonable royalty." 35 U.S.C. § 284. Because no less than a reasonable royalty is required, the fact finder must determine what royalty is supported by the record.

---

[4] LG cites the pre-Federal Circuit decision by the Third Circuit in Devex, but the Devex Court took the same position: "In the absence of any evidence as to what would constitute a reasonable royalty in a given case, a fact finder would have no means of arriving at a reasonable royalty, and none could be awarded." Devex Corp. v. GMC, 667 F.2d 347, 361 (3d Cir. 1981). The Devex Court held that an award of zero damages is appropriate when there is no evidence to support damages, not when a patentee's case has legal defects. Id.

> If a patentee's evidence fails to support its specific royalty estimate, the fact finder is still required to determine what royalty is supported by the record. Indeed, if the record evidence does not fully support either party's royalty estimate, the fact finder must still determine what constitutes a reasonable royalty from the record evidence. Certainly, if the patentee's proof is weak, the court is free to award a low, perhaps nominal, royalty, as long as that royalty is supported by the record.
>
> Thus, a fact finder may award no damages only when the record supports a zero royalty award. For example, in a case completely lacking any evidence on which to base a damages award, the record may well support a zero royalty award.

Apple Inc. v. Motorola, Inc., 757 F.3d 1286, 1327-28 (Fed. Cir. 2014) (citations omitted). Mondis argues, persuasively, that this confirms that the trial court has an obligation to award damages in whatever amount is supported by the evidence of record. Furthermore, an award of zero damages is appropriate only when the record supports it. The evidentiary record at trial does not support an award of zero damages. Apple also supports Mondis' position that the proper remedy here is a new trial. See also Info-Hold, Inc. v. Muzak LLC, 783 F.3d 1365, 1372 (Fed. Cir. 2015) ("a patentee's failure to show that its royalty estimate is correct is insufficient grounds for awarding a royalty of zero.")

Another apposite Federal Circuit case is Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 904 F.3d 965, 980 (Fed. Cir. 2018). In Power, in short, the Federal Circuit found that the patentee's damages evidence at trial was insufficient as a matter of law to support the jury's damages award – just as this Court has found in the instant case. Id. The Federal Circuit held that the proper remedy was a new trial: "Because the evidence presented by Power Integrations was insufficient as a matter of law to invoke the entire market value rule, we vacate the award of damages and remand for a new trial." Id. This Court having determined that the patentee's damages evidence at trial was insufficient as a matter of law to support the jury's

7

damages award, and having vacated the award of damages, the proper remedy is a new trial.

There is one subsequent Federal Circuit decision that cites Promega on these issues. In Finjan, the Federal Circuit held:

> While it is clear that Finjan failed to present a damages case that can support the jury's verdict, reversal of JMOL could result in a situation in which Finjan receives no compensation for Blue Coat's infringement of the '844 patent. Ordinarily, the district court must award damages in an amount no less than a reasonable royalty when infringement is found, unless the patent holder has waived the right to damages based on alternate theories, *Promega Corp. v. Life Tech. Corp*., 875 F.3d 651, 660 (Fed. Cir. 2017). We therefore remand to the district court to determine whether Finjan has waived the right to establish reasonable royalty damages under a new theory and whether to order a new trial on damages.

Finjan, Inc. v. Blue Coat Sys., 879 F.3d 1299, 1312 (Fed. Cir. 2018) (citations omitted). This supports Mondis' argument that defects in a patentee's damages case should not foreclose an award of damages, unless the patentee has waived the right to establish damages under a new theory. It also supports the position that proof of infringement gives rise to a presumption of entitlement to an award of damages. A new trial is the appropriate remedy in this case.

LG's motion sought, in the alternative, remittitur of the damages award. The Court concludes that a new trial is the better remedy. Were the Court to decide to grant the motion for remittitur, it would be required to apply the maximum recovery rule. Shockley v. Arcan, 248 F.3d 1349, 1362 (Fed. Cir. 2001). This would require a course of briefing, reweighing the evidence at trial, making factual determinations, and calculation of the maximum damages award supported by the evidence. Plaintiff would then have the right to decline the award and obtain a new trial. Id. Mondis has made clear that, at this juncture, it seeks a new trial. There is no advantage to anyone to litigate the damages award in post-trial proceedings, only to have Mondis then assert its right to decline the award and obtain a new trial. It is a far more efficient use of

everyone's resources to proceed directly to a new trial.

This Court grants LG's motion for a new trial, subject to the following limitations. At the new trial, the parties may not offer evidence that was not presented at the previous trial, with one potential exception: should Mondis seek to offer the expert testimony of Mr. Bratic, based solely on the evidence presented at the previous trial, Mondis may submit an updated expert report, which this Court will consider in a <u>Daubert</u> hearing. All expert testimony must reflect the Federal Circuit law on apportionment, as discussed in the Court's Opinion in which it vacated the jury damages verdict.

For these reasons,

**IT IS** on this 22nd day of April, 2020

**ORDERED** that LG's motion for judgment as a matter of law under Rule 50(b), a new trial under Rule 59, and/or remittitur regarding damages and willfulness (Docket Entry No. 489) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that LG's motion for judgment as a matter of law and/or remittitur is **DENIED**; and it is further

**ORDERED** that LG's motion for a new trial is **GRANTED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.