UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
MONDIS TECHNOLOGY LTD. et al.,       :
:
    Plaintiffs,         :    Civil Action No. 15-4431 (SRC)
:
    v.                  :
:    **OPINION & ORDER**
LG ELECTRONICS, INC.                 :
et al.,                              :
:
    Defendants.         :
_____:

**CHESLER**, **U.S.D.J.**

    This matter comes before the Court on the motion to stay the damages re-trial pending appeal by Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG").  Plaintiffs Hitachi Maxell, Ltd., n/k/a Maxell Holdings, Ltd., Maxell, Ltd., and Mondis Technology Ltd. (collectively, "Mondis") oppose the motion.  For the reasons that follow, the motion will be denied.

    LG asks the Court to stay the re-trial on damages, and related proceedings, pending resolution of the interlocutory appeal on issues of liability.  The threshold matter is what standard this Court should apply to this motion.  LG contends that the Court should apply the following standard:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

Horizon Pharma, Inc. v. Dr. Reddy's Labs., Inc., 2017 WL 3704614, at *2 (D.N.J. Aug. 25, 2017).  Mondis contends that the Court should apply the Hilton standard:

1

>(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). This Court concludes that Supreme Court jurisprudence supports the argument that application of the Hilton test is not appropriate here. First, the paragraph which sets forth the Hilton factors begins with this sentence: "Different Rules of Procedure govern the power of district courts and courts of appeals *to stay an order pending appeal*." Id. (italics added.) LG has not here asked for a stay of an order pending appeal of that order. Furthermore, the Supreme Court provided an informative discussion of the application of the Hilton factors in Nken v. Holder, 556 U.S. 418, 426 (2009), and it begins as follows: "An appellate court's power to hold an order in abeyance while it assesses the legality of the order has been described as 'inherent.'" The Nken Court explained:

>The authority to hold an order in abeyance pending review allows an appellate court to act responsibly. A reviewing court must bring considered judgment to bear on the matter before it, but that cannot always be done quickly enough to afford relief to the party aggrieved by the order under review.
>. . .
>The whole idea is to hold the matter under review in abeyance because the appellate court lacks sufficient time to decide the merits.

Id. at 427, 432. The Nken Court considered the similarity between the Hilton test and the traditional test for injunctions, and stated:

>There is substantial overlap between these and the factors governing preliminary injunctions, not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined.

Id. at 434. The last quote particularly makes clear that the Supreme Court applies the Hilton test in circumstances in which what is at issue is whether to stay an order which is under review. That is not at all the situation here. LG here seeks a stay of the damages re-trial during the

pendency of the interlocutory appeal of the judgment of liability. Damages are not the subject of the interlocutory appeal. The rationale given by the Nken Court does not apply here, because the legality of a re-trial on damages is not pending review at the Federal Circuit. The review of the judgment of liability has potential implications for the availability of damages, but the legality of a re-trial on damages is not the focus of the interlocutory appeal. Application of the Hilton factors is not appropriate in this context.

Mondis, opposing application of the Horizon standard, contends that this standard has been applied in cases in which the question was whether to grant a stay pending patent reexamination, which is not the case here. This is correct: in Horizon, as in the case on which Horizon relied, Stryker Trauma S.A. v. Synthes (USA), 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008), that was the issue. In its reply brief, without expressly conceding the point, LG bolsters its argument for the Horizon standard by arguing that it is one of many standards derived from the principles stated in Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936),[1] in which Justice Cardozo famously wrote:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

---

[1] In support, LG points to the persuasive analysis of these issues in Kuang v. United States Dep't of Def., 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019), in which the court concluded:

> [A] review of the case law suggests that district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something similar governs. Those courts have reasoned that the *Nken* test "is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case," while *Landis* applies to the decision to stay *proceedings*, regardless whether the stay is based on a direct appeal or an independent case.

Indeed, this is a fine statement of what this Court must do to decide the instant motion. This Court will apply the standard stated in <u>Horizon</u> to this motion to stay, guided by the fundamental principles stated in <u>Landis</u>. As will be seen in the analysis that follows, whether or not the <u>Horizon</u> version of the <u>Landis</u> standard is perfectly tailored to the circumstances of this case, LG has failed to demonstrate that a stay of the damages re-trial is warranted.

This motion arises during, and is impacted by, the COVID-19 crisis. Pursuant to this District's Standing Order 2020-12, jury trials have been suspended through August 31, 2020. The period of suspension has already been extended once. At this moment, no one knows when jury trials will be permitted to resume. Because it is unknown when a re-trial by jury will be permitted in this case, in deciding the instant motion, the Court limits its consideration of the motion to a stay of supplementary discovery and motion practice in preparation for re-trial. This Court today does not consider the issue of whether the re-trial itself should be stayed because, at the moment, that is moot.

LG argues that all three elements of the standard used in <u>Horizon</u> support a grant of a stay. First, LG contends, "a stay will simplify the issues in question and trial of the damages case." (LG's Br. 11.) Although that quote is the subheading for a section of LG's brief, the argument that follows confuses the issues. LG proceeds to argue that, in the event that the Federal Circuit reverses the judgment of liability, a re-trial on damages will be a waste, and the pre-trial preparations likewise, which is indisputable, but way off the point. LG makes no argument that a stay will simplify the issues in question, nor any argument that a stay will simplify the trial for damages because, of course, it will not. Should the Federal Circuit affirm the judgment of liability, the damages issues in question are likely to be exactly the same as they

are today.  LG has not shown why this Court should prioritize reduction of the risk of wasted effort, when the Horizon standard says nothing about that.  As to the first element of the Horizon standard, LG has not shown that it weighs in favor of a stay.

Second, LG argues that a stay will not unfairly prejudice Mondis, as the median time for resolution of Federal Circuit appeals is sixteen months, and such a delay is minimal.  Mondis responds, aptly, that no party waiting for payment would ever agree, and that the delay here benefits only LG, not Mondis.  There is no question that a sixteen-month delay in payment of damages prejudices – in the sense that it harms – Mondis, and LG has made no case that such a delay would be fair under the circumstances of this case.  The prejudice factor weighs in favor of Mondis.

As to the third element, LG points out that supplemental discovery has not begun, nor has a new trial date been set; these facts are undisputed.  LG then builds on these facts to argue that a stay would be both efficient and cost-effective.  The Court cannot agree that delay in this circumstance is efficient and cost-effective.  Rather, it appears to this Court that preparations for a re-trial on damages should require minimal additional expenditures of effort and money.  The Court has limited supplementary discovery to a very narrow scope, and will not allow a new theory of damages to be presented at the re-trial.  No new evidence may be presented at the re-trial, with the possible exception of updated expert testimony.  The costs of supplementary discovery and preparation for the re-trial are likely to be minimal.

Moreover, the Court balances the costs of delay.  The jury found patent infringement. Mondis has a statutory right to an award of damages.  35 U.S.C. § 284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement.")  A sixteen-month delay in obtaining that damages award is not costless to

Mondis.

The only valid argument made by LG on this motion is that, should the Federal Circuit reverse the judgment of liability, the preparations for a re-trial would be a waste. At the same time, however, should the Federal Circuit affirm the judgment of liability, grant of a stay would result in a substantial delay to Mondis in receiving the damages award it is entitled to. Given the minimal costs involved in preparing for re-trial, this Court concludes that it is in the interest of justice to deny the stay and proceed with supplementary discovery and motion practice in preparation for a re-trial. This case is old already, and there is no reason to make an old case even older.

Of the three elements in the Horizon test, LG has persuaded that only one weighs in favor of granting a stay: supplementary discovery has not begun and no date for the re-trial has been set. Weighing all the competing considerations, this Court finds that this is not sufficient to justify a grant of the motion to stay. The cost to the parties is likely to be minimal and the benefit of being ready for re-trial, and reducing the wait for the damages to which Mondis is entitled, more than outweighs it. The motion to stay will be denied.

For these reasons,

**IT IS** on this 11th day of June, 2020

**ORDERED** that LG's motion to stay proceedings (Docket Entry No. 617) is **DENIED**.

　　　　　　　　　　　　　　　　s/ Stanley R. Chesler
　　　　　　　　　　　　　　　Stanley R. Chesler, U.S.D.J.