UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MONDIS TECHNOLOGY LTD. et al.,

    Plaintiffs,

    v.

LG ELECTRONICS, INC. et al.,

    Defendants.

Civil Action No. 15-4431 (SRC)

**OPINION & ORDER**

**<u>CHESLER</u>**, **<u>U.S.D.J.</u>**

This matter comes before the Court on the motion to strike by LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"). Plaintiffs Hitachi Maxell, Ltd., n/k/a Maxell Holdings, Ltd., Maxell, Ltd., and Mondis Technology Ltd. (collectively, "Mondis") oppose the motion. LG asks the Court to strike the supplemental expert report of Mr. Lamm, as well as:

> (2) any opinions in Mr. Bratic's new damages expert report that rely on Mr. Lamm's new report; and (3) any remaining new damages theories in Mr. Bratic's new report.

(Defs.' Br. 23.) The net effect of these two requests, LG contends, is to strike Mr. Bratic's supplementary report in its entirety.

The parties do not dispute that submission of Mr. Lamm's supplementary report has not been authorized by this Court, and Mondis seeks leave of the Court to allow it. Mondis, however, makes not even a colorable argument in favor of granting this request. On April 22, 2020, this Court issued an Opinion and Order which stated:

> This Court grants LG's motion for a new trial, subject to the following limitations. At the new trial, the parties may not offer evidence that was not

1

> presented at the previous trial, with one potential exception: should Mondis seek to offer the expert testimony of Mr. Bratic, based solely on the evidence presented at the previous trial, Mondis may submit an updated expert report, which this Court will consider in a Daubert hearing.

(Opinion & Order of April 22, 2020 at 9.)   Mr. Lamm's supplementary report violates this Order and the motion to strike that supplementary report will be granted.

As to Mr. Bratic's supplementary report, LG moves to strike parts of the report on two grounds: 1) some parts rely on Mr. Lamm's unauthorized supplementary report; and 2) some parts contain new theories.   To the extent that Mr. Bratic's supplementary report contains opinions that rely, even in part, on Mr. Lamm's unauthorized supplementary report, the motion to strike those opinions is granted, as they are in clear violation of this Court's Order.

LG's second argument concerns alleged new theories in Mr. Bratic's supplementary report.   LG cites this Court's Opinion and Order filed June 11, 2020, which stated:

> The Court has limited supplementary discovery to a very narrow scope, and will not allow a new theory of damages to be presented at the re-trial.   No new evidence may be presented at the re-trial, with the possible exception of updated expert testimony.

(Opinion & Order of June 11, 2020 at 5.)   LG argues that Mr. Bratic's supplementary report contains many opinions which constitute "a new theory of damages" and therefore violate this Order.   The Court concludes that LG has advanced an overbroad interpretation of "a new theory of damages."   The Court did not intend the narrowly limiting effect that LG's interpretation would produce.   The Court did not intend to simultaneously reject the threshold theory while barring everything that was not the threshold theory at re-trial.   Mr. Bratic may express expert opinions about reasonable royalties to the extent that such opinions are based on the existing trial record *only*.   Such expert opinions will not be barred.

The Court recognizes, however, that the parties are sure to have differing opinions about

how to apply these rulings to Mr. Bratic's supplementary report. To assist the Court in making a ruling that provides clarity, Mondis shall submit supplementary briefing, with certifications, as needed, which precisely document the supporting evidentiary basis of every element of Mr. Bratic's proposed expert opinions in the trial record. LG shall submit a responsive brief. The Court will then determine what parts, if any, of Mr. Bratic's supplementary report it will strike.

For these reasons,

**IT IS** on this 15th day of July, 2020

**ORDERED** that LG's motion to strike (Docket Entry No. 634) is **GRANTED** in part and decision is **RESERVED** in part; and it is further

**ORDERED** that, as to Mr. Lamm's supplementary report, the motion to strike is **GRANTED**, and the Court **STRIKES** that report from the record; and it is further

**ORDERED** that, as to Mr. Bratic's supplementary report, decision on the motion to strike is **RESERVED** pending supplementary briefing; and it is further

**ORDERED** that, within two weeks of the date of entry of this Order, Mondis shall submit the supplementary briefing described above; and it is further

**ORDERED** that, within two weeks of the filing of Plaintiff's supplementary briefing, LG shall submit a responsive brief.

                                            s/ Stanley R. Chesler
                                          Stanley R. Chesler, U.S.D.J.