**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MONDIS TECHNOLOGY LTD. et al., : | |
| Plaintiffs, : | Civil Action No. 15-4431 (SRC) |
| v. : | **OPINION & ORDER** |
| LG ELECTRONICS, INC. et al., : | |
| Defendants. : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on two motions for reconsideration of the Opinion and Order dated October 2, 2020, in which this Court completed its consideration of the motion to strike the Lamm and Bratic Supplements:[1]  1) the motion by Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"); and 2) the motion by Plaintiffs Hitachi Maxell, Ltd., n/k/a Maxell Holdings, Ltd., Maxell, Ltd., and Mondis Technology Ltd. (collectively, "Mondis").  For the reasons that follow, LG's motion will be granted, and Mondis' motion will be denied.

Once again, this Court begins with a recap of the relevant history of this case.  Once again, Mondis appears to have overlooked important parts of that history.  In the motion to strike, LG asked the Court to strike the supplemental expert report of Mr. Lamm (the "Lamm

---

[1] In its motion to strike, LG filed as an exhibit the "Supplemental Expert Report of Walter Bratic," dated June 19, 2020.  (Docket Entry No. 635, Ex. B, hereinafter, the "Bratic Supplement.")

1

Supplement"), as well as parts of the Bratic Supplement.  In considering this motion, this Court noted that, on April 22, 2020, this Court issued an Opinion and Order which stated:

> This Court grants LG's motion for a new trial, subject to the following limitations.  At the new trial, the parties may not offer evidence that was not presented at the previous trial, with one potential exception: should Mondis seek to offer the expert testimony of Mr. Bratic, based solely on the evidence presented at the previous trial, Mondis may submit an updated expert report, which this Court will consider in a Daubert hearing.

(Opinion & Order of April 22, 2020 at 9.)

Totally ignoring the Court's directions and its Order, Mondis proceeded to create new evidence in the form of the Lamm Supplement and to submit a new expert report by Bratic which relied on the Lamm Supplement, in patent violation of the Court's Order of April 22, 2020.  Because of this, in the Opinion granting in part the motion to strike (the "Strike Opinion"), this Court held that the Lamm Supplement violated the Order of April 22, 2020, and granted LG's motion to strike that supplementary report.  (Strike Opinion at 2.)  Also, in the Strike Opinion, this Court held: "To the extent that Mr. Bratic's supplementary report contains opinions that rely, even in part, on Mr. Lamm's unauthorized supplementary report, the motion to strike those opinions is granted, as they are in clear violation of this Court's Order."  (Strike Opinion at 2.)  This Court also held: "Mr. Bratic may express expert opinions about reasonable royalties to the extent that such opinions are based on the existing trial record *only*."  (Id.)  This Court recognized, however, that the parties were likely to differ about the application of these rulings to the Bratic Supplement, and it Ordered supplementary briefing "[t]o assist the Court in making a ruling that provides clarity."

This Court has now before it the fourth round of briefing which has resulted from Plaintiffs' flagrant disregard of the Opinion & Order of April 22, 2020.  This Court is now

2

presented with two motions for reconsideration after having been required to minutely parse the Bratic Supplement for compliance with the Court's Orders.  The Court is tired of this nonsense, but proceeds to consider the motions before it.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); L. Civ. R. 7.1(i).

## I.   Mondis' motion for reconsideration

Mondis seeks reconsideration of several elements of this Court's decision to grant in part LG's motion to strike the Bratic Supplement.  First, Mondis makes several similar arguments which challenge the Court's decision to strike paragraphs 11, 12, and 22.  The Court will consider these arguments together because they share two characteristics: 1) Mondis fails to point to any basis for reconsideration under Third Circuit law; and 2) the arguments are predicated on a continued refusal to accept this ruling:

> To the extent that Mr. Bratic's supplementary report contains opinions that rely, even in part, on Mr. Lamm's unauthorized supplementary report, the motion to strike those opinions is granted, as they are in clear violation of this Court's Order.

(Strike Opinion at 2.)  The Court issued this decision on July 15, 2020.  Mondis did not move for reconsideration of it, and it is now the law of this case.  Ass'n of N.J. Rifle & Pistol Clubs Inc. v. AG N.J., 974 F.3d 237, 246 n.9 (3d Cir. 2020).

Mondis challenges the decision to strike paragraphs 11, 12, and 22 in the Bratic

3

Supplement. Mondis asks this Court to reconsider its decision and restore the words in these paragraphs that do not directly cite the Lamm Supplement. These paragraphs all: 1) express opinions; and 2) cite the Lamm Supplement. Mondis has not even attempted to make a colorable argument that the Court's decision to strike paragraphs 11, 12, and 22 fails to correctly implement the prior decision to strike those opinions which rely, *even in part*, on the Lamm Supplement.

As to paragraph 16, Mondis seeks clarification based on the observation that the Court considered two challenges to paragraph 16, accepting one and rejecting the other. Ultimately, the Court struck paragraph 16. There is no mistake here; the Order correctly reflects this Court's decision to strike paragraph 16.

As to paragraph 23, Mondis requests the Court's guidance. Mondis observes that LG has argued, in its motion for reconsideration, that the Court did not strike paragraph 23, although the Court ruled that it would strike every reference to Alessi Apportionment. Mondis concedes that paragraph 23 contains calculations which rely on Alessi Apportionment. The Court agrees with the parties that the failure to address paragraph 23 was an oversight, and that this paragraph should have been included in the list of paragraphs the Court struck.

Lastly, Mondis argues that the Court should have allowed Bratic's use of the Hon Hai ASP value of $280, as Bratic had cited that in his original written expert report. When this Court granted LG's motion for a new trial, in the Opinion & Order of April 22, 2020, this Court held:

> At the new trial, the parties may not offer evidence that was not presented at the previous trial, with one potential exception: should Mondis seek to offer the expert testimony of Mr. Bratic, based solely on the evidence presented at the previous trial, Mondis may submit an updated expert report . . .

There is no dispute that evidence that the Hon Hai ASP is $280 was not presented at the previous trial.

The Court has provided clarification as requested by Mondis but finds no basis to reconsider any of the challenged decisions. Mondis' motion for reconsideration will be denied.

## II.    LG's motion for reconsideration

LG asks for reconsideration of the decision on the motion to strike, contending that the Court overlooked the impact of its decisions on paragraphs 23 and 25. LG is correct. As for paragraph 23, as already discussed, the parties agree that, under the reasoning of the decision, paragraph 23 should have been struck. As to paragraph 23, the motion for reconsideration will be granted, and the Court will strike paragraph 23.

Similarly, as to paragraph 25, LG argues that the Court decided to strike every use of the Hon Hai ASP of $280, but overlooked its appearance in paragraph 25. This too was an oversight. The Court will strike the reference to the Hon Hai ASP of $280 in paragraph 25: "That royalty rate was calculated on the basis of 0.25% x the ASP of Hon Hai's TVs, which the parties agreed was $280. Bratic Report ¶ 110."

LG's motion for reconsideration is granted.

For these reasons,

**IT IS** on this 6th day of November, 2020

**ORDERED** that Plaintiffs' motion for reconsideration (Docket Entry No. 678) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for reconsideration (Docket Entry No. 676) is **GRANTED**; and it is further

**ORDERED** that this Court's Opinion and Order, dated October 2, 2020, (Docket Entry No. 672), is hereby **MODIFIED** to add the following: "It is further **ORDERED** that, as to the Bratic Supplement, the Court strikes in its entirety paragraph 23; and in paragraph 25, the Court strikes the sentence which states: "That royalty rate was calculated on the basis of 0.25% x the ASP of Hon Hai's TVs, which the parties agreed was $280. Bratic Report ¶ 110."

                                                  s/ Stanley R. Chesler
                                          Stanley R. Chesler, U.S.D.J.