# United States Court of Appeals for the Federal Circuit

---

**MONDIS TECHNOLOGY LTD., HITACHI MAXELL, LTD., NKA MAXELL HOLDINGS, LTD., MAXELL, LTD.,**
*Plaintiffs-Appellees*

v.

**LG ELECTRONICS INC., LG ELECTRONICS USA, INC.,**
*Defendants-Appellants*

---

2020-1812

---

Appeal from the United States District Court for the District of New Jersey in No. 2:15-cv-04431-SRC-CLW, Judge Stanley R. Chesler.

---

Decided: August 3, 2021

---

MARTIN JAY BLACK, Dechert LLP, Philadelphia, PA, argued for plaintiffs-appellees. Also represented by JEFFREY EDWARDS; JEFFREY B. PLIES, Austin, TX.

MICHAEL J. MCKEON, Fish & Richardson PC, Washington, DC, argued for defendants-appellants. Also represented by MICHAEL JOHN BALLANCO, CHRISTIAN A. CHU, ROBERT ANDREW SCHWENTKER.

---

Before DYK, PROST*, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

LG Electronics Inc. and LG Electronics USA, Inc. seek interlocutory review of a decision of the United States District Court for the District of New Jersey denying LG certain relief with respect to the liability portion of this case. Because LG's notice of appeal was not filed within thirty days of the date at which the liability issues became final except for an accounting, LG's appeal is untimely. We dismiss the matter for lack of jurisdiction.

I

Plaintiff Mondis Technology Ltd. (Limited) is the assignee of U.S. Patent No. 7,475,180, which is directed generally to a display unit configured to receive video signals from an external video source. *See* '180 patent at 2:37–3:48. In 2014, Limited brought this action for patent infringement against Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively LG). After the district court granted Limited leave to join Hitachi Maxell Ltd. and Maxell, Ltd. (collectively Hitachi) as plaintiffs to address a standing challenge brought by LG, the case proceeded to a jury trial. The jury found that the accused LG televisions infringed claims 14 and 15 of the '180 patent, that the claims were not invalid, and that LG's infringement was willful, and awarded Plaintiffs (collectively Mondis) $45 million in damages.

Following the jury verdict, LG filed several post-trial motions including: (1) a motion for JMOL or new trial of non-infringement, (2) a motion for JMOL or new trial of invalidity, and (3) a motion for JMOL, new trial, or

---

* Circuit Judge Sharon Prost vacated the position of Chief Judge on May 21, 2021.

remittitur regarding the damages award and willfulness finding. *Mondis Tech. Ltd v. LG Elecs., Inc.*, 407 F. Supp. 3d 482, 484 (D.N.J. Sept. 24, 2019) (*September Order*). Mondis also filed post-trial motions seeking enhanced damages, attorney's fees, and interest. *Id.*

The district court disposed of the post-trial motions in two separate orders. On September 24, 2019, the district court denied LG's motions regarding infringement, invalidity, and willfulness but ordered further briefing on damages. *September Order*, 407 F. Supp. 3d at 502–03. Then, on April 22, 2020, the district court granted LG's motion for a new trial on damages. *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. CV 15-4431, 2020 WL 1933979, at *5–6 (D.N.J. Apr. 22, 2020) (*April Order*).

Following the April Order, on May 8, 2020, LG filed notice of this interlocutory appeal. LG seeks to challenge the district court's decision denying LG's post-trial motions regarding infringement, invalidity, and willfulness (all of which were decided in the September Order). LG also challenges the district court's pretrial decision to allow the joinder of Hitachi and argues that, without such joinder, Limited lacks statutory authority to bring suit.

After LG filed its notice of appeal, Mondis moved to dismiss the appeal as untimely, arguing that LG needed to file notice of appeal within thirty days of the September Order. We ordered the parties to address jurisdiction in the merits briefing.

II

We have jurisdiction to hear certain interlocutory appeals under 28 U.S.C. § 1292(c)(2), which provides the Federal Circuit with exclusive jurisdiction over "an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except

for an accounting." Appeals under § 1292(c)(2) are subject to the time limits prescribed by 28 U.S.C. § 2107(a):

> Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

Thus, LG had thirty days from the date at which the district court's judgment became "final except for an accounting" to file an interlocutory appeal.

We have previously held that under § 1292(c)(2), a judgment is final except for an accounting when all liability issues have been resolved, and only a determination of damages remains. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1313 (Fed. Cir. 2013) (en banc) ("An 'accounting' in the context of § 1292(c)(2) includes the determination of damages . . . ."). LG does not challenge this holding, nor could it, since LG seeks interlocutory review of the district court's liability determination while damages remain outstanding.

In this case, all liability issues were resolved with the district court's September Order which ruled on LG's post-trial motions regarding infringement and invalidity and left only damages-related motions outstanding. Therefore, for the purposes of appeal under § 1292(c)(2), this case was final except for an accounting after the September Order, and LG had thirty days from the September Order to file notice of interlocutory appeal. Since LG did not file its notice of appeal until May 8, 2020, more than seven months after the September Order, LG's appeal is untimely, and we lack jurisdiction to consider the matter.

Our ruling is consistent with the Supreme Court's decision in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). Following a jury verdict in a diversity case removed

to federal district court, the petitioner in *Budinich* timely filed motions for a new trial and for attorney's fees. *Id.* at 197. In a first order, the district court denied the new-trial motions but did not resolve attorney's fees. *Id.* at 197–98. Months later, the district court issued a final order resolving attorney's fees. *Id.* at 198. Within thirty days of the final order, the petitioner filed notice of appeal covering all the district court's post-trial orders. *Id.* The petitioner argued that such an appeal was timely with respect to the merits, relying on a provision of Colorado state law which instructed that a claim was not final and appealable until attorney's fees had been determined. *Id.* The Supreme Court disagreed, finding that federal law governed under the Supremacy Clause, and that under federal law, the merits decision was final after the first post-trial order that resolved all issues except for attorney's fees. *Id.* at 200 ("[W]e think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain . . . ."). Similarly, here the district court's decision was final as to liability at the time of the September Order that resolved all liability issues. Just as the outstanding matter of attorney's fees could not toll the time for appeal in *Budinich*, the outstanding damages determination cannot toll the time for LG to appeal here.

### III

LG's timeliness arguments focus on the Federal Rules, rather than the statutory requirements for jurisdiction. As an initial matter, the Rules cannot override federal statute any more than state law could do so in *Budinich*, and to the extent that there is any conflict between the Rules and federal statutes, the statutes must prevail. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[The Supreme Court] has no authority to create equitable exceptions to jurisdictional requirements . . . ."). But we do not read any conflict between the Rules and the statutory requirements of appeal and conclude that, read together, the statutes and the Rules bar this interlocutory appeal.

6           MONDIS TECHNOLOGY LTD. v. LG ELECTRONICS INC.

The parties first disagree over what interlocutory judgment is being challenged in this appeal. Mondis argues that LG is appealing from the September Order because that order resolved all liability issues such that the judgment became final except for an accounting. LG argues that the underlying judgment being challenged is the jury's special verdict, which was constructively entered as a judgment by operation of Rule 58(c) of the Federal Rules of Civil Procedure (FRCP) on September 9, 2019, prior even to the September Order.[1]

We agree with Mondis that the September Order is the operative date that started the thirty-day clock to file a notice of appeal, because that is the date that all liability issues became final, such that the judgment on liability became ripe for an appeal. No matter what judgment is being challenged, the date that matters under § 1292(c)(2) is the date at which the case became final except for an accounting.

The parties next dispute the effect of Rule 4 of the Federal Rules of Appellate Procedure (FRAP). FRAP 4(a)(4) instructs that, if a party timely files any of several enumerated motions, including post-trial motions for judgment under FRCP 50(b) or for a new trial under FRCP 59, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."

---

[1] However, when asked at oral argument, LG's attorney appeared to agree that the September Order was being challenged. *See* Oral Arg. at 0:35–0:48, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-1812_05062021.mp3 (Q: "What is the interlocutory order that you're challenging?" A: "We're challenging the liability order—the September 2019 liability order.")

MONDIS TECHNOLOGY LTD. v. LG ELECTRONICS INC. 7

LG timely filed post-trial motions including the liability-related motions ruled on by the district court in the September Order and the damages-related motions ruled on by the district court in the April Order. Because the entry of the order disposing of the last remaining post-trial motion occurred in the April Order, LG argues that Rule 4(a)(4) tolled the start of the thirty-day clock for appeal until the entry of the April Order.

We disagree with LG's interpretation of FRAP 4 when applied to an interlocutory appeal under § 1292(c)(2). FRAP 4(a)(4) applies to both interlocutory appeals and final appeals. *See, e.g.*, *Lane v. New Jersey*, 725 F. App'x 185, 187 (3d Cir. 2018) (applying FRAP 4(a)(4) in an interlocutory appeal). But when FRAP 4(a)(4) pertains to interlocutory appeals under § 1292(c)(2), the enumerated motions can only toll the time to appeal if they relate to the interlocutory judgment such that the judgment is not final except for an accounting until the court disposes of the motions. To read the Rule to toll the interlocutory appeal period for motions unrelated to the interlocutory judgment would conflict with the statute. *Lane* is consistent with this reading of FRAP 4(a)(4) because it involved tolling for an enumerated motion related to the interlocutory judgment being appealed. *See* 725 F. App'x at 187 (holding that FRAP 4(a)(4) tolled time to appeal the denial of a preliminary injunction until the district court ruled on a related FRCP 59 motion to alter or amend the judgment). Thus, here, Rule 4(a)(4) did toll the time to file the interlocutory appeal regarding liability based on the post-trial motions concerning liability, but only until those motions were resolved—September 24, 2019.

LG argues that the text of FRAP 4(a)(4) requires that the timeframe for an interlocutory appeal must be tolled even for motions unrelated to the judgment being appealed. *See* Appellant's Reply Br. at 4 (citing the provision of FRAP 4(a)(4)(A)(ii) that motions under FRCP 52(b) can toll, "whether or not granting the motion would alter the

judgment"). At most, this suggests that a timely motion will toll the time for appeal even though the judgment being appealed will not be altered. But it does not suggest that a motion need not relate to the judgment appealed from. FRCP 52(b) motions to amend or make additional factual findings related to an interlocutory judgment being appealed might not alter the judgment, but, while they remain outstanding, the interlocutory judgment is not final except for an accounting because the district court's decision could be affected. When only motions unrelated to the judgment being appealed remain, the judgment is final except for an accounting and the time to file an interlocutory appeal begins.

Because FRAP 4(a)(4) does not toll the interlocutory-appeal period for outstanding motions unrelated to the interlocutory judgment, the damages motions that remained outstanding after the September Order did not toll the time frame for LG to file its notice of appeal on the liability portion of this case. Thus, Rule 4(a)(4) is consistent with the combined requirements of § 1292(c)(2) and § 2107(a) that notice of appeal be filed within thirty days of the date at which the case became final except for an accounting. Because LG did not file its notice of appeal within thirty days of the issuance of the September Order, its notice of interlocutory appeal was untimely.

IV

As a final matter, we note that interlocutory appeals are voluntary, and LG is not precluded from challenging the liability determinations of the district court under our § 1295 jurisdiction once the damages determination is completed. Mondis admits as much. *See* Appellee's Br. at 19 n.1 ("LG will eventually have a right to appeal the liability judgment."). For the purposes of this interlocutory appeal, however, LG has missed the statutory deadline and is untimely. We therefore dismiss for lack of jurisdiction.

**DISMISSED**