**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MONDIS TECHNOLOGY LTD. et al., | : |
| Plaintiffs, | : Civil Action No. 15-4431 (SRC) |
| v. | : |
| | : **OPINION & ORDER** |
| LG ELECTRONICS, INC. et al., | : |
| Defendants. | : |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motions *in limine* filed by Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") and Plaintiffs Hitachi Maxell, Ltd., n/k/a Maxell Holdings, Ltd., Maxell, Ltd., and Mondis Technology Ltd. (collectively, "Mondis"). Mondis has filed three motions *in limine* and LG has filed five motions *in limine*. The Court held oral argument on both of the first motions *in limine* by Zoom teleconference on January 9, 2023. For the reasons that follow, this Court will grant the motions in part and deny them in part.

The parties' motions raise disputes which, in significant part, turn on two key questions: 1) what is the meaning of: "At the new trial, the parties may not offer evidence that was not presented at the previous trial"? (Opinion and Order of April 22, 2020 at 9) (the "April Ruling"); and 2) at the new trial, what reasonable royalty theories may Plaintiffs argue to the jury? The Court begins with these fundamental questions, and then will turn to the particulars of the motions *in limine*.

1

### I.     No new evidence

In the April Ruling, this Court stated: "At the new trial, the parties may not offer evidence that was not presented at the previous trial," subject to one exception for a revised report from Bratic, which was subsequently excluded in a Daubert decision.   The parties' motions *in limine* seek clarification on the exact meaning of this statement.   The statement means the following: 1) unless otherwise excluded, evidence and testimony presented at the previous trial may be presented at retrial, to the same extent and in the same form; 2) no new evidence or testimony – that is, no evidence or testimony that was not presented at the previous trial – may be presented at retrial.   No witness may change the scope or content of testimony at retrial from the scope and content of testimony at the previous trial.   No testimony at retrial may vary from that testimony presented at the previous trial.   Only previously admitted evidence will be admitted at retrial.   In the discussion that follows, the Court will refer to this decision as the "no new evidence" decision.

### II.    No new reasonable royalty theories

In the April Ruling, this Court gave Mondis the opportunity to submit a revised expert report, containing new reasonable royalty theories, to be the subject of a Daubert motion.   The revised report from Plaintiffs' expert, Bratic, was excluded in its entirety when this Court granted LG's Daubert motion.   Bratic's previously espoused theories have been found by the Court to be invalid under Federal Circuit law, and neither Bratic's testimony nor his reasonable royalty theories may be presented at retrial.   This leaves Mondis with only the reasonable royalty theories of LG's expert, Hansen, at retrial.   Mondis may argue for a reasonable royalty based on

Hansen's testimony, but may not modify or change Hansen's reasonable royalty theory, except in one way: because Hansen testified at the first trial in support of the uncertainty discount (see Opinion and Order of September 24, 2019 at 23), Mondis may argue that a reasonable royalty theory from Hansen should be modified to reflect the principle of the uncertainty discount, and Mondis may argue to the jury, based on the existing evidence of record, and the relevant law as to the hypothetical negotiation, how to compute the uncertainty discount and how it should be applied to Hansen's reasonable royalty theory. No other modifications of Hansen's reasonable royalty theory – such as a change in the number of relevant patents in the divisor from five to three, for example – will be allowed at retrial. In the discussion that follows, the Court will refer to this decision as the "no new reasonable royalty theories" decision.

The "no new evidence" and "no new reasonable royalty theories" decisions (together, the "No New Decisions") resolve many of the issues raised by the parties in the motions *in limine*. The scope and content of the retrial is largely a subset of the previous trial, omitting Bratic's testimony and his reasonable royalty theories, as well as evidence not relevant to the issues of reasonable royalty damages. The only new elements to be permitted at retrial are: Mondis may rely on Hansen's reasonable royalty theories, Mondis may argue to the jury for the application of the uncertainty discount principle to Hansen's reasonable royalty theories, and LG may argue against that.

Much of what Mondis has requested in the motions *in limine* concerns new testimony and arguments not permitted under the No New Decisions. Much of what LG has requested in the motions *in limine* concerns restrictions on what Mondis may do at retrial; much of these restrictions concern new testimony and arguments not permitted under the No New Decisions.

3

To the extent that LG now, for the first time, seeks to restrict content allowed and presented at the previous trial, as Mondis argued in opposition, LG's objections are likely new and waived.

III. **The motions** *in limine*

The Court now turns to the particulars of the specific motions.

A. Plaintiffs' and Defendants' first motions on Hansen as a witness

In line with the two key decisions, Hansen may be called as a witness and he may present the same testimony that he offered at the previous trial. As Mondis contends, the decision that Plaintiffs may rely on Hansen's testimony at retrial is implicit in this Court's decision to grant a new trial. Moreover, LG "recognizes that it is within this Court's discretion to permit Plaintiffs to call Mr. Hansen in their case-in-chief." (Def.'s MIL #1 Br. at 5.)

At oral argument, the Court conducted a colloquy with the parties on the issues related to Hansen's testimony at retrial. Both Mondis and LG expressed concern about the potential for jury confusion at the retrial, confusion that might arise from Mondis calling LG's expert, Hansen, for its case-in-chief. LG proposed that this Court follow the model provided by Judge Andrews in AVM Techs., LLC v. Intel Corp., Civ. Action No. 15-33-RGA (D. Del. May 2, 2017.)[1] LG argued that informing the jury about who had originally retained the expert witness would confuse it, and that this Court should "skip over" informing the jury that LG had retained Hansen, just as Judge Andrews did in AVM. Mondis argued that the situation in AVM was quite different from that of the instant case, and also that LG's proposal would leave the jury

---

[1] In brief, at trial in AVM, Judge Andrews considered the question of how to handle a similar problem at trial. (Excerpted Trial Transcript (Def.'s MIL #1 Walsh Dec. Ex. E) at 709.) Judge Andrews ruled that an accurate explanation of who retained the expert witness would confuse the jury, and decided that the parties should "skip over" the issue. (Id. at 710, 741.)

4

more confused, not less.

This Court is persuaded that Mondis has proposed the better way to handle this issue. Because this Court has determined that the parties may present any prior witness testimony at retrial, and because Hansen testified at the prior trial that he was both retained and paid by LG, that information could be revealed at retrial; were the Court to adopt LG's proposal, that revelation has the potential to lead to even greater jury confusion. Under the circumstances of this case, the proposal offered by Mondis appears less likely to confuse the jury. No information about which side retained Hansen will be withheld from the jury at retrial. Instead, prior to trial, LG should submit to the Court a proposed instruction which informs the jury about who retained Hansen.

Because this Court has ruled that no witness may offer retrial testimony that varies from the scope and content of testimony at the prior trial, leading questions will be allowed for their practical value in facilitating this. Any party examining Hansen – or any other witness – may ask leading questions insofar as the leading questions lead to a restatement of the witness's previous testimony. **No new testimony may be elicited from any witness.** The parties shall confer before trial about the use of leading questions so as to allow the examinations of Hansen to proceed as smoothly as possible.

LG asks this Court to institute various "safeguards," which appear largely to be restrictions on what Mondis can do in examining Hansen. LG has not persuaded the Court that, given the major restrictions that this Court has already imposed – the No New Decisions –, any further restrictions are warranted.

LG asks this Court to preclude Plaintiffs from questioning Hansen about the Varian case,

5

and "should exclude the Varian testimony as a basis for an uplift multiplier." (Pl.'s MIL #1 Br. at 28.) Mondis, in opposition, states that Hansen's "admissions in the Varian litigation were used for impeachment purposes, not as substantive evidence." (Pl.'s MIL #1 Opp. Br. at 36-37.) Mondis may elicit the same testimony at retrial for the same purpose of impeachment of Hansen.

Plaintiffs' first motion *in limine* will be granted. Defendants' first motion *in limine* will be denied.

### B. Plaintiffs' second motion *in limine*

The Court's "no new evidence" decision has addressed the issues raised in this motion. Insofar as the motion sought a clear ruling on the admissibility of new evidence, the motion is granted in part.

### C. Plaintiffs' third motion *in limine*

Mondis asks the Court to bar LG from: 1) arguing noninfringement at retrial; and 2) eliciting Dr. Stevenson's testimony regarding his testing of LG products. In response to the first point, LG avows not to argue noninfringement at retrial. In response to the second point, LG argues: "Dr. Stevenson's testing evidence provided a factual predicate for a damages opinion offered by Mr. Hansen." (Pls.' MIL #3 Opp. Br. at 7.) The trial transcript supports LG's position. Hansen stated that he relied on Stevenson's testing as a factor in his reasonable royalty analysis and provided a summary of Stevenson's relevant result. (Tr. 1211:14-1212:16.) To the extent that Stevenson's testimony regarding his testing of LG products establishes a factual predicate for a Hansen reasonable royalty opinion, LG may elicit his testimony at retrial. Plaintiffs' third motion *in limine* will be denied.

D. LG's second motion *in limine*

LG moves to preclude Mondis from presenting at retrial: 1) any information about the jury verdicts from the previous trial; 2) any evidence or argument supporting the jury's determinations of liability or willfulness; and 3) any references to the previous retrial. In response, Mondis avows that, at re-trial, it will not refer to the vacated damages award, nor the jury determination of willfulness, but opposes LG's motion as to the remaining points.

Mondis first argues that the fact of the determination of infringement is highly relevant to the issues at retrial and is the legal predicate for the award of damages. The Court agrees with Mondis and does not see how Mondis can present its case at retrial without in some way informing the jury that there has been a prior determination that LG infringed the '180 patent. There is no getting around the legal fact that the determination of LG's infringement is a predicate for the retrial and there is no way to retry damages without anyone mentioning this. Mondis offers several examples from similar cases, showing how retrial juries were informed about the infringement, and it can be done in a simple and straightforward fashion. (LG's MIL #2 Opp. Br. at 4-6.)

The Court also agrees that a sweeping rule that bans presentation of any evidence or testimony that supported the jury determinations of liability or willfulness has far too broad a scope. Such a rule is misformulated: the key question at this juncture is whether evidence is relevant to the damages determination, and there is no reason to presume that evidence is relevant to one issue and one issue only. Mondis must be allowed to present any evidence and testimony from the previous trial that is relevant to the determination of damages,[2] and it must

---

[2] For example, Stevenson's testing, already discussed, may have been relevant to the finding of

7

be allowed to present background information about the technology and the infringing product. Mondis contends: "At the minimum, the jury needs to understand the basic nature and background of the claimed invention and the infringing product." (LG's MIL #2 Opp. Br. at 8.) The Court agrees: Mondis may present again evidence and testimony that provides background information that is useful to help the jury understand the patent at issue and how LG's products infringed.

Similarly, LG asks for a sweeping ruling that no party may reference the previous trial – again, a rule with far too broad a scope. LG acknowledges that, at retrial, the parties may have occasion to refer to a "prior proceeding" and to testimony from the previous trial as testimony from a "prior proceeding under oath" or "prior testimony." To the extent that LG asks that the phrase "prior proceeding" be substituted for the word "trial," LG's motion will be granted, but this is *not* a ban on any reference to the previous trial. To the extent that LG asks for a ban on any reference to the previous trial, LG's motion will be denied.

E.  LG's third motion *in limine*

LG describes its third motion as seeking to enforce this Court's prior rulings. LG first raises the issue of new evidence, already resolved by this Court's determinations in the No New

---

liability at the previous trial, but is also relevant to the determination of damages, since Hansen relied on that evidence. Similarly, evidence and testimony related to willfulness may also be relevant to the determination of damages, such as pre-suit negotiations between the parties. See, e.g., Commonwealth Sci. & Indus. Research Organisation v. Cisco Sys., 809 F.3d 1295, 1303 (Fed. Cir. 2015) ("the district court did not err in valuing the asserted patent with reference to end product licensing negotiations.") In its opposition brief, Mondis identifies four exemplary exhibits, admitted at the previous trial, which are relevant evidence of the parties' pre-suit communications and negotiations. (LG's MIL #2 Opp. Br. at 13-15.) Such evidence is relevant to damages and will not be excluded, regardless of whether it was previously relevant to a now-determined issue.

Decisions.  LG next asks the Court to exclude the Innolux agreement and related new arguments.  This appears to have been addressed by the No New Decisions: as the Innolux agreement was not admitted in the previous trial, it will not be admitted at retrial; the new evidence that LG contends Mondis would need to support a reasonable royalty theory based on the Innolux agreement is barred by the "no new evidence" decision.  Mondis, in opposition, does not contend that a reasonable royalty theory based on the Innolux agreement would not be new.  This is sufficient to resolve this issue.

Next, LG raises the issue of the prejudicial impact of Plaintiff's pointing to LG's $10 billion in revenues from TV sales.  Mondis replies that it will not mention LG's $10 billion in revenues from TV sales.

Next, LG asks the Court to exclude evidence of the Innolux verdict.  Again, the "No New Decisions" have already resolved this: if Hansen presented a reasonable royalty theory based on the Innolux verdict at the prior trial, Mondis may rely on it at retrial.[3]  Otherwise, Mondis will be unable to argue it at retrial because it will be new and barred.

Next, LG asks the Court to exclude Lamm's testimony that the '180 patent was the "heart" of the '090 patent family.  LG contends that Lamm's "heart" opinion is not supported by sufficient facts or data and should be excluded under Federal Rule of Evidence 702.  As Mondis argues in opposition, LG waived this argument when it failed to challenge that opinion,

---

[3] The Court's <u>Daubert</u> Order of April 11, 2019, issued as the damages phase of the prior trial began, suggests that Hansen would not present a reasonable royalty theory based on the Innolux verdict at the prior trial: "LG's damages expert will be permitted to testify in accordance with the following opinions he presented during the March 22, 2019 hearing: (i) apportionment of the LG, TPV, and Hon Hai licenses, and (ii) apportionment based on excess sales price." (Docket Entry No. 473 at ¶ 1.)  LG argues correctly that the prior <u>Daubert</u> decision is also the law of the case.

9

stated in Lamm's expert report, in a Daubert motion prior to the previous trial, and also when LG failed to object to the testimony at trial. The Court agrees with Mondis that LG has waived this objection.

LG's third motion *in limine* will be granted in part and denied in part.

### F. LG's fourth motion *in limine*

In the fourth motion, LG asks the Court to preclude Mondis from eliciting testimony from Spiro on various subjects. These issues have been resolved by the "No New Decisions:" unless otherwise barred, Mondis may only elicit testimony from any witness that repeats that witness's testimony from the first trial, and which is relevant to the subject of reasonable royalty damages as well as the permitted theories of a reasonable royalty. Except as otherwise provided, Mondis is barred from arguing any new reasonable royalty theory to the jury. LG's fourth motion *in limine* will be granted in part and denied in part.

### G. LG's fifth motion *in limine*

LG's motion seeks to preclude the presentation of evidence in support of new reasonable royalty theories, and argument about those new theories to the jury. The "No New Decisions" have resolved these issues. LG's fifth motion *in limine* will be granted in part and denied in part.

For these reasons,

**IT IS** on this 10th day of January, 2023

**ORDERED** that LG's motion *in limine* #1 (Docket Entry No. 716) is **DENIED**; and it is further

**ORDERED** that LG's motion *in limine* #2 (Docket Entry No. 718) is **GRANTED** in part

and **DENIED** in part; and it is further

      **ORDERED** that LG's motion *in limine* #3 (Docket Entry No. 720) is **GRANTED** in part and **DENIED** in part; and it is further

      **ORDERED** that LG's motion *in limine* #4 (Docket Entry No. 722) is **GRANTED** in part and **DENIED** in part; and it is further

      **ORDERED** that LG's motion *in limine* #5 (Docket Entry No. 724) is **GRANTED** in part and **DENIED** in part; and it is further

      **ORDERED** that Mondis's motion *in limine* #1 (Docket Entry No. 726) is **GRANTED**; and it is further

      **ORDERED** that Mondis's motion *in limine* #2 (Docket Entry No. 728) is **GRANTED** in part and **DENIED** in part; and it is further

      **ORDERED** that Mondis's motion *in limine* #3 (Docket Entry No. 730) is **DENIED**.

                                                    s/ Stanley R. Chesler  
                                             Stanley R. Chesler, U.S.D.J.